CHARLES MERRITT AND JEREMIAH BROWN, SURVIVORS OF THEMSELVES AND JUSTIN P. AVERILL, DECEASED, v. CHARLES DICKEY, JUDGE OF PROBATE.

*Administrator's Liability—Survivor Entitled to Partnership Assets.*

A surviving partner is entitled to use the real estate of the partnership as firm assets so far as it is needed to settle the affairs of the firm, and decedent's heirs hold the legal estate only as trustees for the equitable purposes of the firm.

An administrator cannot be held liable for not receiving and accounting for funds arising from the sale of his intestate's partnership interest in real estate, when the whole property was needed to satisfy the debts of the firm, and the sale was made to the surviving partner in order to transfer to him the legal title to be used in settling the business.

Error to Calhoun.    Submitted Oct. 9 and 10, 1877. Decided Jan. 9, 1878.

ASSUMPSIT on bond.    Plaintiff recovered below and defendants bring error.    The facts are in the opinion.

*May & Frazer* for plaintiffs in error.    Sureties on an administrator's bond are released by his irregular action, *Dedham Bank v. Chickering,* 4 Pick., 314; *Whitcher v. Hall,* 5 B. & C., 269; *Bangs v. Strong,* 10 Page, 11; *Bonar v. Macdonald,* 1 Eng. L. & Eq., 1; they are not bound to see that he accounts for the proceeds of a sale which

he had no right to make, *People v. Brown*, 2 Doug. [Mich.], 9; *U. S. v. Kirkpatrick*, 9 Wheat., 720; he has no right to partnership property until the partnership affairs are settled, *Thomson v. Thomson*, 1 N. Y. Surr., 24; *Waring v. Waring*, 5 N. Y. Surr., 205; *Wickliffe v. Eve*, 17 How., 468; *Shields v. Fuller*, 4 Wis., 102; *Jennings v. Chandler*, 10 Wis., 21; *Roys v. Vilas*, 18 Wis., 169; *Connor v. Allen*, Har. Ch., 371; a partner's interest in partnership realty is to be treated as personal estate which goes to the survivor, *Burnside v. Merrick*, 4 Met., 537; *Dyer v. Clark*, 5 Met., 562.

*J. H. Campbell* and *Beakes & Cutcheon* for def't in error.

CAMPBELL, C. J. Plaintiffs in error were sued as sureties on Averill's bond as administrator of the estate of William H. Gage, deceased; and the breach alleged was the failure to account for the purchase price of lands sold for the estate. The undisputed facts showed that the sale was made to Daniel W. Green, the surviving partner of Gage, and the theory of the defense below was that the object of the sale was to transfer to him the legal title of lands which equitably belonged to the partnership, to be used in settling the business.

The case rests on facts entirely undisputed, and shows that the only property inventoried, both real and personal, was partnership property of Gage and Green, consisting of some personal property in stock, and business accounts, and a mill and other real estate, all used in the business, and all purchased with partnership assets and regarded as firm property. The inventory also showed partnership debts amounting to $46,429.32.

This inventory, on which a warrant of appraisal was issued in May, 1871, was filed with the appraisers' and administrator's oaths on the 20th of November, 1871. The appraisers' oaths of the truth of their appraisal were taken on the 18th of September.

On the 13th of October, 1871, the administrator filed

his petition for leave to sell real estate, showing the only personalty to consist of Gage's half of the partnership accounts and personal property, which amounted in the aggregate to $14,967.06, and the debts amounting to $46,-429.32, and praying a sale of the undivided half of the land, all of which was described as used in connection with the mill.

On the 20th of November, 1871, a license was issued, which, after reciting the insufficiency of the personalty, and the existence of debts to the amount of $23,214.66, which was just half of the entire partnership liabilities, authorized the sale of the undivided half of all the real estate, which appeared in the license as in the petition to belong to and be used with the mill, and some of it to consist of the incorporeal right of boomage, and rights in streets.

This was duly advertised and sold as one interest to Green, the surviving partner, described as the undivided half of the property set forth, for $15,000, and this sale was confirmed and conveyance made as an undivided half. No money was paid by Green to the administrator.

It appeared, then, upon the face of the proceedings, that there was no property except partnership property, and no debts but partnership debts, and that a sale of the land was necessary to pay these partnership debts. It also appears that the sale licensed and made·was not a sale of the interest Gage had in the partnership property as a partner, but of the absolute undivided half of the legal title, which, according to the claim of the plaintiffs in error, was a trust estate held for the firm benefit. And it appears further that the price bid on the sale was less than the half of the indebtedness which Gage's estate was found liable to pay.

The legal effect of these proceedings was to put the assets of the firm under the control of the surviving·partner for the purpose of settling the partnership debts, which exceeded the value of the assets, assuming, as this prosecution must assume, the value of one-half of the

realty and its appurtenances at $15,000. By this con-
veyance, if regular, which is not denied, the legal title to
the land became vested in Green, so that he could trans-
fer the whole estate to a *bona fide* purchaser.

No question is made but that the estate of Gage had
apparently, and at law the title to one-half of the lands
by tenancy in common. Whether the boomage and other
incorporeal rights were so held or not does not appear
by the record.

It is not disputed, and cannot be, under any ground
that maintains the legal validity of the probate sale, that
the property in question was to be regarded as a single
estate, all belonging to a single mill property, and not
properly divisible into parcels. The sale at any rate was
a single one in which the whole body of lands and ease-
ments made up a single parcel.

The facts, therefore, upon which all parties relied in
the court below present a condition of things free from
most of the difficulties which have led to such differences
as are found among courts and writers who have discussed
the rights of partners concerning real estate

The law has always been settled in this State that
real property which actually was designed to be, and
which was in fact treated during the existence of the
firm as partnership assets, must be so regarded in equity,
and the legal estate must be held by the heirs of a de-
ceased partner as trustees for the equitable purposes of
the firm. In *Thayer v. Lane,* Walk. Ch. 200, where the
legal title was an equal tenancy in common, the court
established the rights of the deceased partner as amount-
ing only to one-third, instead of one-half, and prevented
an administrator's sale, which would have misrepresented
the real interests. In that case there were no debts and
no other property to hinder, and a partition was decreed
according to the equitable proportions established.

In *Connor v. Allen,* Har. Ch., 371, it was held con-
cerning realty as it was by this court subsequently con-

cerning assets generally in *Barry v. Briggs*, 22 Mich., 201, that the surviving partner was entitled to possession, and could not be dispossessed unless for misconduct.

In *Moran v. Palmer*, 13 Mich., 367, a sale made by a portion of the firm of the entirety of a lot which was partnership property, for partnership purposes, was maintained in equity against the heirs of a deceased partner upon facts showing the injustice of any other holding.

The facts admitted in the present case show very clearly that the sale of the land and appurtenances was necessary to close up the partnership business, and a court of equity would have been bound to interfere and enforce the disposition at the instance of the survivor, who would unquestionably have been entitled to possess and apply the assets. The interest sold in the present case was not the possible interest of Gage's estate, but the legal interest which the heirs only held in trust. We can see no reason why the simpler method of disposing of the land in probate instead of in chancery, can make any difference in the equitable result. If any one but Green had purchased the property the proceeds would have been subject to his right of management. Being bid off in his name, he has simply become as to the land what he would have become as to the proceeds if it had been sold to a *bona fide* purchaser, a trustee for the common interest of the partnership as surviving partner, and liable to account for its honest management.

It would be unjust and inequitable to hold the administrator liable for not going through the form of receiving and refunding the same money. Gage's estate and his heirs are entitled to nothing beyond such residuum as may be found due by the surviving partner when he has fairly closed the concern. That business belongs to him and not to the administrator. The latter may be bound to inquire into the conduct of the survivor and protect the estate from mismanagement if any should appear. But he cannot interfere with the partnership assets while they are in their proper custody.

The rulings below to the contrary were erroneous. The judgment must be reversed with costs and a new trial granted.

Graves and Cooley, JJ., concurred.

Marston, J., did not sit in this case.