MAGDELAINE WAY ET AL. v. SUSAN A. STEBBINS ET AL.

*Partnership assets—Survivorship—Claim against estate.*

The presentation in the probate court of a claim against an estate does not estop the claimant from afterwards suing it in equity as a partnership claim, if its former presentation was not intended as an abandonment of it as such, and if it was expressly rejected on that ground at the respondent's instance.

Partnership property subject to partnership debts vests in the surviving partner; and the heirs of a deceased partner in whose name it was purchased cannot retain it until payment of such debts.

Partnership lands are to be equally divided among the survivors and the heirs of a deceased partner when there are no partnership debts to be satisfied.

Property purchased with the design that it shall become partnership property, and actually used in accordance with that design, must be regarded as firm assets.

Where one partner purchased property for the use of the firm but in his own name, though with the money of another partner, and the property is actually used as firm assets, the case does not fall within the principle of Comp. Laws § 4120, prohibiting resulting trusts, but must be treated as partnership property.

Appeal from Ionia. Submitted Oct. 25. Decided Jan. 5.

BILL to obtain conveyance. Defendants appeal. Affirmed.

*Wells & Morse* for complainants. Land purchased for partnership purposes is partnership property, in whosesoever name bought: Colly. Partnership 133; *Beaman v. Whitney* 20 Me. 413; *Sigourney v. Munn* 7 Conn. 11; and a partner who has bought it in his own name cannot rely on the statute of frauds for the purpose of depriving the other of all interest therein: *Chester v. Dickerson* 54 N. Y. 1; *Bunnel v. Taintor* 4 Conn. 568; *Williams v. Gillies* 75 N. Y. 197; *Traphagen v. Burt* 67 N. Y. 30.

*Blanchard, Bell & Cagwin* for defendants.

CAMPBELL, J. Complainants, as heirs at law of John M. Way, deceased, filed a bill against the heirs of Josephus Stebbins in the circuit court for the county of Ionia to obtain a conveyance of an undivided half of certain lands in that county which it is claimed were held during his lifetime by Josephus Stebbins in his own name, but in fact for a partnership composed of himself and Way. The court below granted the relief prayed, and defendants appeal.

The facts show that there was a verbal agreement between Way and Stebbins to buy the land, which was to be sold at

an administrator's sale. Way could not be present and Stebbins was to arrange for the purchase,—Way advancing money for a payment down. The title was taken in the name of Stebbins, as a mortgage had to be given back for a part of the price. Way made further advances from time to time, and the land was used and lumbered on for partnership purposes. The business seems to have practically ended before the death of Stebbins. The testimony indicates that Stebbins designed to convey to Way, and actually signed a deed for that purpose, which was not completely executed by acknowledgment because his wife would not join in it. There is no room for doubt that the land was both bought and used for partnership purposes. After the death of Stebbins, Way presented an account against his estate, on which there was a memorandum of the advances for this land, the whole of which was rejected by the commissioners as being a partnership matter over which they supposed they had no cognizance. The widow, Susan Stebbins, took possession as administratrix, and has refused to recognize any of Way's rights.

An objection urged on the argument that the bill does not make out a case of partnership arrangement is not, we think, well founded. The averments taken together all point in that direction. A further objection that the claim was presented in the probate court is equally groundless. It does not appear that this was intended as an abandonment of the partnership claim. On the contrary its rejection as such, at the instance of the representatives of Stebbins' estate, would lead to the opposite conclusion. But there certainly was no estoppel under these circumstances.

Neither is there any force in the claim that if it was partnership property, the heirs of Stebbins can retain it until the partnership debts are paid. If subject to such a burden, it is to be remembered that Way and not Stebbins was the survivor, in whom the entire partnership funds vested on the death of Stebbins. But in the absence of any necessity for such application, the land should be divided equally, as was done by the decree in this case. If not so divisible, the

decree is not too favorable for Way's heirs, unless the title itself failed to enure to the partnership.

The chief defence rests on the statute of frauds, because the agreement was verbal, and the case is supposed to come within the prohibition of the statute concerning resulting trusts which no longer spring from mere payment of purchase money. Comp. L. § 4120.

The rule in this State has been well settled that property purchased with a design that it should become partnership property, and actually used in accordance with that design, must be regarded as firm assets. *Merritt v. Dickey* 38 Mich. 41, and cases cited. It is therefore not necessary to discuss the reasons at length for taking such arrangements out of the operation of the statutes relating to frauds and trusts. They come plainly within the equities of part performance, because the parties having acted upon them in such a way as to render it impossible to adjust their rights in any ordinary legal action, it would be a fraud to allow the legal form of the title to cut off the equities. The exception has long been recognized and is just and reasonable.

In the case before us the facts are very fully made out for complainants.

The decree must be affirmed with costs.

The other Justices concurred.