(March 10, 1922.)

GOLD FORK LUMBER COMPANY, a Corporation, Appellant, v. THE SWEANY & SMITH COMPANY, a Corporation, Respondent.

[205 Pac. 554.]

PARTNERSHIP — PROPERTY PURCHASED ON ACCOUNT OF — PARTNERSHIP PROPERTY—MORTGAGE BY PARTNER TO SECURE INDIVIDUAL DEBT NOT WITHIN SCOPE OF PARTNERSHIP BUSINESS—EVIDENCE.

1. Property purchased with the design that it shall become partnership property, and actually used in accordance with that design, must be regarded as firm assets.

2. A mortgage given by one partner, in the name of the partnership, for a debt known by the person taking the security to be

Publisher's Note.

1. When real estate will be considered partnership property, see notes in 48 Am. St. 62; 11 Ann. Cas. 269; 27 L. R. A. 449; 37 L. R. A., N. S., 889.

his individual debt, and without the consent of the other partners, is not binding on the partnership.

3. The giving of a mortgage upon firm property, by a partner to secure his individual debt, is not an act for apparently carrying on in the usual way the business of the partnership, and does not bind the partnership nor constitute a valid lien upon the partnership property unless authorized by the other partners.

4. Evidence in this case *held* not sufficient to sustain the findings and judgment.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action for cancelation of mortgage. Judgment for defendant. *Reversed* and *remanded.*

T. S. Risser, for Appellant.

The mortgage was given to secure Daniel ·Allen's individual debt created before the partnership was organized, and was executed in his own name, and in such case the firm is not liable, and the mortgage is void as against the appellant. (30 Cyc. 69–71; *First Nat. Bank v. State Bank,* 131 Fed. 422, 65 C. C. A. 406; *National Bank v. Cringan,* 91 Va. 347, 21 S. E. 820; *Burt v. Collins,* 2 Cal. Unrep. 256, 3 Pac. 128; *Funk v. Babbit,* 156 Ill. 408, 41 N. E. 866; *McLinden v. Wentworth,* 51 Wis. 170, 8 N. W. 118; *National Bank of Salem v. Thomas,* 47 N. Y. 15; *Redenbaugh v. Kelton,* 130 Mo. 558, 32 S. W. 67.)

The respondent is not an innocent purchaser. It had notice that the mortgage was given to secure the individual debt of Daniel Allen created before the formation of the partnership, and respondent having knowledge that the mortgage was given to secure the debt of Daniel Allen and that it was executed without the consent of the other members of the firm cannot hold the firm liable, and hence the mortgage is not valid against the firm property, and the burden of proof is upon respondent to prove ratification, and respondent was content to offer no proof at the trial. (30 Cyc. 513, 514; *Wagner v. Freschl,* 56 N. H. 495; *Benson*

*v. Dublin Warehouse Co.,* 99 Ga. 303, 25 S. E. 645; *Van Voorhis v. Brown,* 29 App. Div. 119, 51 N. Y. Supp. 440; *Pease v. Cole,* 53 Conn. 53, 55 Am. Rep. 53, 22 Atl. 681; *Sherwood v. Snow,* 46 Iowa, 481, 26 Am. Rep. 155; *McNair v. Platt,* 46 Ill. 211.)

L. L. Burtenshaw, for Respondent.

Daniel Allen was the managing agent of the firm; as the testimony clearly shows, the mill was purchased not in the firm name but by Daniel Allen in his own name, or rather with a note signed in his own name and that of the respondent.   (20 R. C. L., sec. 124.)

One partner has authority without even the knowledge of his copartners to mortgage the whole stock in trade to secure a particular creditor of the firm.   (30 Cyc. 496; 2 Cobbey, Chattel Mortgages, sec. 563.)

BUDGE, J.—This action was brought by appellant to vacate, cancel and set aside a purported chattel mortgage upon a sawmill located near Cascade, Valley county.

From the record it appears that during the years 1913 and 1914, a contract existed between respondent and one Daniel Allen for cutting and hauling ties upon certain lands leased or owned by respondent, in connection with which Daniel Allen employed his sons, D. K., C. W. and J. R. Allen; and that upon the completion of the work, about September 1, 1914, Daniel Allen was indebted to respondent in the sum of $1,481.50, for which on November 16, 1914, two promissory notes of $740.75 each were given to respondent, signed by Daniel, D. K. and C. W. Allen.

The evidence also shows, without conflict, that shortly prior to November 16, 1914, a partnership was formed between Daniel Allen and his three sons for the purpose of purchasing and operating a sawmill near Cascade, belonging to Warner Bros., for the purchase price of $1,550, for which amount two notes for $775 each were given Warner Bros., on said date, signed by Daniel Allen and by respondent, both of which notes have apparently been paid.

Thereafter a chattel mortgage, dated June 22, 1915, naming Daniel, D. K. and J. R. Allen, by the firm name of D. Allen & Sons, as mortgagors, and respondent as mortgagee, covering certain personal property belonging to the Allens individually and the sawmill, to secure the payment of the $1,481.50 above mentioned, was signed by Daniel Allen, only. The affidavit required by C. S., sec. 6375, was subscribed ''D. Allen and Sons,'' and sworn to on June 22, 1915, and the instrument purports to have been acknowledged by Daniel, D. K., C. W. and J. R. Allen on June 22, 1916, although the evidence adduced upon the trial conclusively shows that it was not in fact acknowledged by D. K., C. W. and J. R. Allen. The mortgage was filed in the office of the recorder of Boise county on June 26, 1916, and thereafter upon the division of Boise county due transfer of the record thereof was made and filed in Valley county.

In December, 1917, the sawmill in question was sold at execution sale, in the case of *Church v. Allen et al.*, to one L. M. Gorton, from whom it was thereafter purchased by appellant.

The cause was tried to the district court for Ada county, and the court made findings of fact and rendered judgment in favor of respondent, from which this appeal is taken. Appellant makes numerous assignments of error, in which he urges that the court erred in finding that Daniel Allen had authority to bind the firm of D. Allen & Sons by executing the mortgage, that the mortgage created a valid and subsisting lien upon the firm property therein named and was given to secure a valid and subsisting indebtedness due respondent from D. Allen & Sons, and that the findings are against the law and contrary to the evidence introduced upon the trial.

There is no competent evidence in the record which shows that the indebtedness which the mortgage was given to secure was the indebtedness of the partnership, but, on the contrary, the evidence shows that the indebtedness was the

individual indebtedness of Daniel Allen, incurred prior to the formation of the partnership and the purchase of the mill, which facts were known to respondent, and that the mill was purchased on account of the partnership. It is nowhere suggested that the partnership, as such, assumed or intended to assume the debt, nor that Daniel Allen had authority to bind the partnership or mortgage the partnership property to pay it. While D. H. and C. W. Allen signed the notes given to respondent, they expressly refused to sign the mortgage.

Property purchased with the design that it shall become partnership property, and actually used in accordance with that design, must be regarded as firm assets. (*Merritt v. Dickey,* 38 Mich. 41; *Way v. Stebbins,* 47 Mich. 296, 11 N. W. 166.)

See, also, *Johnson v. Hogan,* 158 Mich. 635, 123 N. W. 891, 37 L. R. A., N. S., 889; note 20, 27 L. R. A. 486; Uniform Partnership Act, sec. 8 (1) (2); C. S., sec. 5820, subd. 1. The sawmill was purchased on account of the partnership, and therefore became partnership property.

The rule is well established that a mortgage given by one partner, in the name of the partnership, for a debt known by the person taking the security to be his individual debt, and without the consent of the other partners, is not binding on the partnership. (*Livingston v. Roosevelt,* 4 Johns. (N. Y.) 251, 4 Am. Dec. 273; *Deeter v. Sellers,* 102 Ind. 458, 1 N. E. 854; *Moline Wagon Co. v. Rummell,* 12 Fed. 658; 1 Rowley on Partnership, sec. 441, p. 538, and cases cited in note 31.) By the mere formation of a partnership, the firm does not become liable for the individual debts or contracts of one of its members. (*Goodenow v. Jones,* 75 Ill. 48.)

The giving of a mortgage upon firm property, by a partner to secure his individual debt, is not an act for apparently carrying on in the usual way the business of the partnership, and does not bind the partnership unless authorized by the other partners. As is said in *Hotchin v. Kent,* 8

Mich. 526, "A partner binds his firm only on the theory of an implied agency for the purposes of the mutual adventure, and the agency does not extend beyond what may fairly be regarded as coming within its reach."

The power of a partner to act as agent is limited to transactions within the scope of the partnership business. (20 R. C. L., Partnership, sec. 95, p. 884; C. S., sec. 5821, subd. 2.)

It follows from what has been said that the judgment in this case should be reversed and the cause remanded to the trial court, with directions to make findings and enter judgment in accordance with the views herein expressed. It is so ordered. Costs are awarded to appellant.

McCarthy, Dunn and Lee, JJ., concur.