GATTS ET AL., APPELLEES, *v.* E.G.T.G., GMBH, ET AL., APPELLANTS.

(No. 1280—Decided December 12, 1983.)

*Mr. Joseph Giulitto* and *Mr. Frank J. Cimino,* for appellees.

*Mr. Luther P. Cochrane, Mr. Michael E. Utley, Mr. Ronald J. Kane* and *Mr. Terrence G. P. Kane,* for appellants.

FORD, J. Plaintiffs-appellees, Dewey and Mary Alice Gatts, filed a complaint in foreclosure in the Portage County Common Pleas Court on November 2, 1981, to which all appellants filed answers. On January 21, 1982, appellants filed a motion for summary judgment in which they contended that appellees' mortgage was unenforceable because it had been delivered to the mortgagees (appellees here) before the

mortgagors had a legal interest or title to the subject real estate. On April 27, 1982, the trial court overruled appellants' motion.

On May 25, 1982, appellees filed their motion for summary judgment, which was supported by affidavit and the preliminary judicial report in addition to the pleadings. Appellees claimed that they had a valid first mortgage, and they asked for judgment in their favor against appellants Ravenna Plaza Associates, Owen F. Lavelle, Patricia T. Lavelle and the Douglas Company in the sum of $175,000, together with interest and costs. On July 23, 1982, the trial court granted appellees' motion for summary judgment and issued a decree for foreclosure and an order of sale from which the appellants have appealed.

In April 1977, appellees sold a parcel of land in Ravenna to appellants Owen and Patricia Lavelle, d.b.a. Ravenna Plaza Associates, which they intended to develop as a shopping center. The Lavelles, as general partners in Ravenna Plaza Associates (hereinafter "RPA"), executed a promissory note and mortgage deed to appellees to secure the balance of the purchase price in the amount of $175,000. In July 1978, title to the property was transferred to appellant Douglas Company. The Douglas Company subsequently conveyed the property to appellant Einundzwanzigst GRs Treuhand Und Geschaeftsfuehrung Gmbh, referred to as "GMBH," before appellees filed their complaint in foreclosure. With respect to appellees' motion for summary judgment, appellants responded with materials filed in a previous action between the Douglas Company and appellees, alleging that appellees had agreed to discharge the mortgage.

In the previous action, the Douglas Company brought a declaratory judgment action against the Gattses alleging that the Gattses had agreed to discharge the existing mortgage and that they had

refused a tender by the Douglas Company. On appeal, this court held in *Douglas Co.* v. *Gatts* (Dec. 30, 1982), Portage App. No. 1232, unreported, that the trial court had correctly entered summary judgment for the Gattses because the alleged discharge was not in writing and was therefore in violation of the Statute of Frauds and void. The Ohio Supreme Court overruled Douglas Company's motion to certify the record in that case on March 30, 1983 (case No. 83-313).

Appellants now present four assignments of error:

"1. The trial court erred in granting foreclosure in favor of the Gatts[es] because the grantees of the purported mortgage did not hold a valid mortgage on the subject property because all partners owning the property at the time the mortgage was granted did not consent to the mortgage.

"2. The trial court erred in granting foreclosure in favor of the Gatts[es] because at the time the mortgage was delivered to the mortgagee[s] by the mortgagor, the mortgagor had no title to the land.

"3. Even if the Gatts[es] had a valid mortgage, the trial court erred in granting foreclosure in favor of the Gatts[es] because that mortgage had been discharged as a result of a prior accord and satisfaction in settlement of the Gatts' [sic] claim.

"4. The trial court erred in granting foreclosure in favor of the Gatts[es] since it had previously concluded, after reviewing the record as to issue number two, that disputed material issues of fact remained which had to be tried."

The assigned errors are without merit.

In their first assignment of error, appellants argue that the Lavelles were without authority to execute a mortgage on the property. Appellants cite R.C. 1775.24(B)(2) in support of this argument, which provides:

"A partner's right in specific partnership property is not assignable except in connection with the assignment of rights of all the partners in the same property."

Appellants also cite *Windom Natl. Bank* v. *Klein* (1934), 191 Minn. 447, 254 N.W. 602, and *Gold Fork Lumber Co.* v. *Sweany & Smith Co.* (1922), 35 Idaho 226, 205 P. 554, to buttress this contention. This argument is inappropriate. This provision of the Ohio Uniform Partnership Act is consistent with common law principles. This section was enacted to prevent an individual partner from attempting to assign or transfer specific partnership property for his or her own individual debt or liability. A close reading of the *Windom* and *Gold Fork* cases unequivocally provides the reader with that conclusion. Therefore, this argument has no relevance to the facts and issues in this case, and thus, provides no basis for a factual issue for the purposes of summary judgment.

Ohio has also incorporated common law principles in its partnership law dealing with the conveyance of partnership property by action of less than all the partners. For example, R.C. 1775.09(A) provides in pertinent part:

"Where title to real property is in the partnership name, any partner may convey title to such property by a conveyance executed in the partnership name; * * *."

Further, R.C. 1775.08(A) states:

"Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."

Lastly, R.C. 1775.01(E) provides that a conveyance "* * * includes every assignment, lease, *mortgage,* or encumbrance" (emphasis added).

In addition, the copy of the complaint from the case of *Geib* v. *Lavelle,* Portage C.P. No. 77-CV-1383, unreported, which was attached as Exhibit A to appellants' memorandum in opposition to appellees' motion for summary judgment in this case, is not helpful to appellants. In that case, Frank J. Geib, as plaintiff, brought an action against RPA and the Lavelles, claiming that he had been wrongfully excluded from the RPA partnership by the Lavelles. Nothing in this pleading contends that the acquisition of the subject property by RPA, or the giving of a promissory note and mortgage to secure the balance of the purchase price, was beyond the purpose of this partnership, or that the Lavelles were without authority to execute the mortgage in question binding the partnership in favor of the appellees. Thus, the Lavelles were clearly within their authority in executing the promissory note and mortgage on behalf of the RPA partnership.

In their second assignment of error, appellants contend that the mortgage conveyed by the Lavelles to appellees was invalid because it was executed prior, in point of time, to the execution of the warranty deed from appellees to RPA. The record in this case reflects that this was clearly the fact. Paradoxically, the record also demonstrates, through the affidavit of Attorney Russell R. Miller in support of appellants' motion for summary judgment and through Exhibits A and B which were attached to the affidavit, that delivery of these instruments was effectuated in a manner that vitiates appellants' argument here. Exhibit A is a copy of the mortgage deed in question, and it expressly shows that the mortgage was ex-

ecuted by the Lavelles, as general partners of RPA, on April 28, 1977. It also discloses that this instrument was received for recording on September 1, 1977 at 4:05 p.m., and recorded in Volume 1029, at page 786, of the Portage County, Ohio Records of Mortgages on September 2, 1977. Exhibit B is a copy of the warranty deed from appellees to RPA. The record here indicates that this instrument was executed on May 24, 1977, that it was received for recording on September 1, 1977 at 3:55 p.m., and that it was recorded on September 2, 1977 in Volume 945, at page 2, of the Portage County, Ohio Records of Deeds. It is fundamental under Ohio law that recording is not necessary to give validity to instruments of conveyance. However, it is equally basic that delivery is an essential requirement of instruments of conveyance, as well as their acceptance, for purpose of passing title. 35 Ohio Jurisprudence 3d (1982) 289 *et seq.*, Deeds, Sections 57 and 58, and cases cited therein. "* * * And it is well settled that delivery for record is prima facie evidence of delivery. * * *" *Id.* at page 298, Section 66; see, also, 43 Ohio Jurisprudence 3d (1983) 354, Evidence and Witnesses, Section 504, and 21 Ohio Jurisprudence 2d (1956) 645, Evidence, Section 623. There is nothing in the record of this case that dispels acceptance of this deed by RPA. Certainly, this warranty deed transaction standing alone would provide a basis for passive acceptance. *Coulter* v. *Seybold* (C.P. 1949), 57 Ohio Law Abs. 252. Further, appellants are estopped from denying acceptance of the warranty deed by virtue of RPA's voluntary conveyance of a mortgage deed on the same property to appellees.

A deed is effective for purposes of passing title at the time when delivery and acceptance are completed. *Baldwin* v. *Bank of Massillon* (1853), 1 Ohio St. 141. The foregoing principles dealing with warranty deeds also apply to mort-gage deeds. The general rule is that delivery is required to give effect to a mortgage, as well as acceptance. 37 Ohio Jurisprudence 2d (1959) 283 *et seq.*, Mortgages, Sections 98 and 99, and cases cited therein.

"The recording of a mortgage takes the place of a manual delivery, at least where there is an acceptance, or acceptance can be presumed * * *." *Id.* at page 284, Section 98.

The third paragraph of the syllabus in *Bundy* v. *Iron Co.* (1882), 38 Ohio St. 300, provides in part:

"An express acceptance of the * * * mortgage by the mortgagees is not required. The acceptance may be implied from circumstances. * * *"

In this case, it is clear that, although the mortgage deed was executed at a time prior to the signing of the warranty deed, the warranty deed was delivered and accepted prior to the time that the mortgage deed was delivered and accepted. Therefore, RPA had legal title in the subject real estate before it (through the Lavelles) conveyed the mortgage deed to appellees. This conclusion as a matter of law is not inconsistent with the trial court's conclusion in denying appellants' motion for summary judgment, and its finding that there was a dispute of material fact with respect to the submissions reviewed by the trial court in that context.

There is another cogent reason why appellees must prevail on this issue. Ohio has traditionally recognized the doctrine of estoppel by deed. 35 Ohio Jurisprudence 3d (1982) 431, Deeds, Section 188, and cases cited therein. This rule provides that where a grantor of real estate who has a defective title, or no title, conveys with a covenant of warranty, or its equivalent, and subsequently acquires the title, then such after-acquired title will inure to the benefit of the grantee by estoppel. *Lessee of Bond* v. *Swearingen* (1824), 1 Ohio 395; *Garlick* v. *Pittsburgh &*

*Western Ry. Co.* (1902), 67 Ohio St. 223. This principle has also been applied to mortgages under Ohio Law as is evidenced by the following language:

"Generally, a mortgagor is estopped as against the mortgagee and those in privity with him to assert anything in derogation of the grant. Therefore, a mortgagor will be estopped to set up as against the mortgagee a subsequently acquired interest which the mortgage purports to convey. Such subsequently acquired interest inures to the benefit of the mortgagee and those claiming through or under him. * * *" 37 Ohio Jurisprudence 2d (1959) 321, Mortgages, Section 138.

The Ohio Supreme Court enunciated its approval of this rule in an early Ohio case, *Philly* v. *Sanders* (1860), 11 Ohio St. 490.

For their third assignment of error, appellants raise the issue of discharge of the mortgage by accord and satisfaction. That issue was addressed in the previous case before this court in *Douglas Co.* v. *Gatts, supra,* in which this court ruled in favor of the appellees here and held that a discharge of a mortgage was an interest in land required to be in writing under the Statute of Frauds (R.C. 1335.05) and that since the alleged discharge was not reduced to writing, it was void. Therefore, this court affirmed the learned trial court's judgment on that issue. As noted, the Supreme Court of Ohio overruled Douglas Company's motion to certify the record on March 30, 1983. The argument of the appellants on the issue of accord and satisfaction ignores the decisions of Ohio courts of competent jurisdiction on this question between the parties. That issue having been adjudicated, the parties are barred by the doctrine of *res judicata* and collateral estoppel from relitigating it now.

With respect to their fourth assignment of error, appellants argue that because the trial court overruled their motion for summary judgment, it could not properly grant appellee's motion. Appellants' motion was based on the alleged invalidity of the mortgage. The court, on the basis of the materials before it on that motion, overruled the motion on the grounds that there were issues to be adjudicated on the question of the validity of the mortgage. Appellees then filed their motion for summary judgment accompanied by evidence demonstrating the validity of the mortgage. The trial court then had a sufficient basis in the record before it to be convinced that there was no genuine issue of material fact as to the validity of the mortgage and properly entered summary judgment in favor of appellees.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and DAHLING, J., concur.