OPINION
In 1989, plaintiff, George Nicolozakes, and Rebecca Tangeman, Trustee of defendant, The Deryk Gabriel Tangeman Irrevocable Trust ("Trust"), began a relationship which proceeded from friendship to intimacy. In 1992, during the course of this relationship, plaintiff purchased residential property located at 7400 Rodebaugh Road, Reynoldsburg, Ohio, as a personal residence for his frequent business trips to Columbus, and as a residence for Tangeman and her son, Deryk, the beneficiary of the trust.
Tangeman eventually requested that plaintiff transfer the property into her name. Plaintiff offered to sell the property to Tangeman. Tangeman declined plaintiff's offer, however, because an outstanding federal tax lien against her would immediately attach to the property and would have priority over any mortgage. Plaintiff and Tangeman eventually agreed that plaintiff would sell the property to the Trust. On July 19, 1996, the sale was carried out through the execution of a warranty deed from Georgetown Marine, Inc.[1] to the Trust. Contemporaneous with the transfer, Tangeman executed a promissory note on behalf of the Trust in the amount of $250,000, secured by a mortgage deed on the property.
The promissory note provides, in pertinent part, as follows:
 For value received, The Deryk Gabriel Tangeman Irrevocable Trust promises to pay to George Nicolozakes, solely and personally, the sum of $250,000.00, with no interest, upon demand.
 This note is made subject to the following terms and conditions:
 1) This note is non-negotiable and cannot be assigned for the benefit of any other person.
 2) This note shall be cancelled upon the death of George Nicolozakes.
 3) This note shall become due and payable upon the death of Rebecca L. Tangeman, Trustee of Maker.
 4) This note is secured by a mortgage on real property. Upon default of any payment under this note The Deryk Gabriel Tangeman Irrevocable Trust shall have the following options:
 a) It may pay the face amount of this note which payment shall cause the release of the subject mortgage.
 b) It may tender a deed in lieu of foreclosure of the subject mortgage which tender shall be in full satisfaction of this note and mortgage.
 5) In the event of the death of Rebecca L. Tangeman, Trustee, the Maker may exercise the options set forth in paragraph 4 above.
The relationship between plaintiff and Tangeman eventually deteriorated, and on July 13, 1998, plaintiff made a demand for payment on the note. By letter dated July 31, 1998, Tangeman acknowledged the demand and proposed various payment options. By letter dated August 18, 1998, plaintiff offered to consider the payment proposals, provided Tangeman tendered the deed pursuant to his demand. When Tangeman refused to tender the deed, plaintiff, on October 23, 1998, commenced an action in foreclosure.
Tangeman admits that she is the signatory of the note, but maintains that the original transfer of the property to the Trust was intended as a personal gift to her, disguised as a sale to the Trust in order to frustrate the attachment of the undischarged federal tax lien against her. Tangeman further contends that even if the original transaction was a sale, plaintiff subsequently renounced his interest in the note and mortgage and gifted the property to Tangeman. In support of this defense, the Trust relies exclusively on parol evidence offered in the deposition testimony of Tangeman, Tangeman's friends, Wayne Miller and Debra Gross, and her attorney, David Buda.
On July 29, 1999, plaintiff filed a motion for summary judgment based on the theory that normal contract law applies to mortgages, and that under contract law parol evidence is not admissible to interpret an unambiguous contract. By decision and entry dated September 21, 1999, the trial court denied plaintiff's motion for summary judgment, finding that certain terms of the note were ambiguous and, thus, parol evidence was admissible to construe those terms.
On October 5, 1999, plaintiff's present counsel appeared in substitution for plaintiff's original counsel. On October 8, 1999, the trial court granted plaintiff leave to file a second motion for summary judgment. Plaintiff filed his second motion for summary judgment on October 25, 1999, contending that he was entitled to judgment as a matter of law because: (1) transfers of an interest in real property, whether through sale, mortgage, or gift, are within the Statute of Frauds and require a writing; (2) parol evidence of prior or contemporaneous oral agreements is inadmissible to contradict or vary the terms of a writing within the Statute of Frauds; and (3) an agreement to renounce or cancel a mortgage must be in writing.
R.C. 1335.04, entitled "Interest in land to be granted in writing," states in pertinent part: "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law." R.C. 1335.05, entitled "Certain agreements to be in writing," states in pertinent part: "No action shall be brought whereby to charge the defendant, * * * to charge a person upon an agreement made * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
By decision and entry filed December 15, 1999, the trial court granted plaintiff's second motion for summary judgment, finding that because the transaction concerns the transfer of real property, it falls within the Statute of Frauds; that parol evidence is inadmissible to vary the terms of the note; and that plaintiff's alleged discharge of the note and mortgage fails because it was not in writing. The court concluded: "because there is no writing evidencing the transaction as gift, nor is there any writing which evidences Nicolozakes renouncement of the Note and mortgage, both of the Trust's gift arguments are without merit." The Trust has timely appealed the trial court's judgment, and raises a single assignment of error, as follows:
 The trial court erred in granting summary judgment to the plaintiff, as there were disputed issues of fact that make summary judgment improper under the law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
Thus, summary judgment is appropriate only where the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party that conclusion is adverse to the party against whom the motion for summary judgment is made. Tokles Son, Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66.
In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103,107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
By its assignment of error, the Trust argues that the trial court erred in granting summary judgment in favor of plaintiff because: (1) the note is ambiguous, thereby requiring parol evidence to explain its meaning; and (2) parol evidence is admissible to determine whether plaintiff orally modified the terms of the note subsequent to its execution.
As noted previously, the Statute of Frauds requires that all transfers of an interest in real property must be in writing. As this transaction concerns the transfer of real property, it falls within the Statute of Frauds. The note clearly states that it is payable on demand. The Trust argues that parol evidence may be considered to determine the "true meaning and purpose" of the note. We find the Trust's argument to be contradicted by the Ohio Supreme Court's decision in Marion ProductionCredit Assn. v. Cochran (1988), 40 Ohio St.3d 265, wherein the court held in the fourth paragraph of the syllabus:
 When a party voluntarily places his signature upon a note or other writing within the statute of frauds, and where that party's sole defense to an action brought upon the writing is that a different set of terms was originally agreed to at that time, such defense shall not be countenanced at law regardless of the theory under which such facts are pled. In such an event, the writing alone shall be the sole repository of the terms of the agreement.
 Marion is directly on point and expressly contradicts the position espoused by the Trust. It holds that parol evidence is not admissible to contradict or alter the terms of the note, which, in this case, is the sole repository of the terms of the agreement between plaintiff and the Trust. Accordingly, the Trust's argument that parol evidence is admissible to demonstrate plaintiff's original intention to gift the property to Tangeman fails as a matter of law.
Similarly, the Trust's contention that plaintiff orally agreed, after the note was executed, to release the Trust's obligation on the note and mortgage to effect his "gift" to Tangeman also fails as a matter of law. In Gatts v. GMBH (1983), 14 Ohio App.3d 243, 247, the court held that a discharge of a mortgage is an interest in land and is required to be in writing under the Statute of Frauds; if an alleged discharge has not been reduced to writing, it is void. Applying the holding of Gatts to the facts of the instant case, any discharge of the note and mortgage by plaintiff was required to be in writing. As no such writing exists, the Trust is bound by the terms of the note.
In short, even construing the disputed facts in favor of Tangeman, the nonmoving party, i.e., that the original transfer of the property was intended as a gift from plaintiff to Tangeman, and/or that plaintiff renounced his interest in the note and mortgage after the note was executed a gift of the property to Tangeman, such facts are rendered immaterial by operation of Ohio law governing real estate transfers. Thus, this court finds that the trial court did not err in rendering summary judgment in favor of plaintiff. Accordingly, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BOWMAN, P.J., and KENNEDY, J., concur.
[1] In February 1996, plaintiff transferred title to the property to Georgetown Marine, Inc., a corporation owned by plaintiff.