[Cite as *JPMorgan Chase Bank, N.A. v. Romine*, 2013-Ohio-4212.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JPMorgan Chase Bank, N.A., Successor by merger to Chase Home Finance LLC, Successor by Merger to Chase Manhattan Mortgage Corporation, | : | |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-58 |
| v. | | (C.P.C. No. 11CV-06-6894) |
| | : | |
| Raymond E.  Romine, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee, | : | |
| | : | |
| Brian K. Urbanski, as Trustee of the 424 Stonecrop Court Trust, | : | |
| | : | |
| Defendant-Appellant. | : | |

# D E C I S I O N

## Rendered on September 26, 2013

*Reimer, Arnovitz, Chernek & Jeffery Co., L.P.A.,* **and** *Darryl E. Gormley,* **for plaintiff-appellee.**

*Wittenberg Law Group, Eric J. Wittenberg* **and** *Jennifer L. Routte*, **for defendant-appellant.**

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Brian K. Urbanski, Trustee of the 424 Stonecrop Court Trust ("appellant"), appeals from a judgment of mortgage foreclosure granted by the Franklin County Court of Common Pleas in an action filed by plaintiff-appellee, JPMorgan Chase Bank, N.A. ("Chase"). For the following reasons, we affirm.

**Facts and Case History**

{¶ 2} On November 15, 2002, defendant-appellee, Raymond E. Romine ("Romine"), executed a promissory note in the amount of $73,500 in connection with a loan in the same amount. The note identified the lender as Chase Manhattan Mortgage Corp. ("Chase Manhattan"). On the same date, Romine executed a mortgage in favor of Chase Manhattan on real property located at 424 Stonecrop Court in Galloway, Ohio ("the real property"). The parties do not dispute that Chase Manhattan thereafter merged with Chase Home Finance, LLC ("Chase Home Finance") and that Chase Home Finance, LLC thereafter merged with Chase.

{¶ 3} Chase attached to the complaint copies of the note and the mortgage as well as a copy of a preliminary judicial title report. The note bears a general "pay to the order of" endorsement, in blank, initialed by an assistant secretary of Chase Manhattan. The title report, based on examination of Franklin County records, disclosed that Romine, the mortgagor, had on September 22, 2005, conveyed the mortgaged real property by general warranty deed to "424 Stonecrop Court Trust, J.A. Gilcher, as Trustee." In addition, public records included an "affidavit of successor trustee,"dated July 27, 2009, indicating that Gilcher had resigned as trustee and that appellant had been appointed successor trustee of the 424 Stonecrop Court Trust.

{¶ 4} On June 6, 2011, Chase filed a complaint seeking foreclosure of the real property naming as defendants, inter alia, Romine and appellant. Chase alleged that it was the holder of the promissory note and the mortgage; the note and mortgage were in default for lack of payment, and Chase had declared the debt due. Chase further alleged that the mortgage created a valid and first lien upon the real property. Chase sought judgment against Romine in the amount of the sum it alleged was unpaid on the note ($46,173.13 plus interest dating from May 1, 2009), an order of foreclosure of the mortgage, and sale of the premises to satisfy the amounts due it.

{¶ 5} Appellant answered the complaint and denied Chase's allegations that Chase was the holder of a valid note and mortgage and was entitled to seek a decree of foreclosure. Appellant asserted as a defense that Chase lacked legal standing to prosecute the foreclosure. Appellant also included a counterclaim seeking to quiet title to the

property and sought a judgment declaring the mortgage null and void or, alternatively, a judgment rescinding the mortgage.

{¶ 6} Chase thereafter filed a motion pursuant to Civ.R. 12(B)(6) seeking dismissal of appellant's counterclaims for failure to state a claim. Appellant opposed Chase's motion, but the trial court ultimately granted Chase's Civ.R. 12(B)(6) motion and dismissed appellant's counterclaims.

{¶ 7} The court referred the matter to a magistrate, who conducted a bench trial. At trial, a Chase loan research officer, Frank Dean, testified that the original mortgagee, Chase Manhattan, had merged into Chase Home Finance, which itself thereafter merged into Chase. Dean further testified that the note and the mortgage had always been retained by one of these Chase entities and that, to his knowledge, the note and mortgage had never been delivered or transferred to a non-Chase entity. Dean further testified that Chase last received payment on the note on May 1, 2009, and that Chase had accelerated the note based on payment default. Chase introduced numerous exhibits, including copies of the note and the mortgage, papers reflecting that payments on the note and mortgage were delinquent, and documents evidencing the mergers of the Chase entities. These exhibits were admitted into evidence without objection.

{¶ 8} On cross-examination, Dean acknowledged that Chase's records included a document titled "Assignment of Mortgage," ("the assignment") that had been signed and notarized on November 27, 2002—several weeks after Romine had executed the original note and mortgage. The document stated that Chase Manhattan had assigned the Romine note and mortgage to the Federal National Mortgage Association ("Fannie Mae"). Dean testified, however, that, based on his review of the records, the assignment was never given to Fannie Mae, nor was it ever recorded.

{¶ 9} Appellant also testified. He stated that Romine had deeded the real property to the 424 Stonecrop Court Trust, of which he was the current trustee. He acknowledged that the trust had initially made payments to Chase but had ultimately stopped making payments.

{¶ 10} On August 21, 2012, the magistrate found that Chase had proved both the existence of the note and the mortgage and their breach. The magistrate expressly found Chase to be the holder of the original note and that there was "no documentation that [the

assignment] was ever recorded or that the assignment was effectuated with the Federal National Mortgage Association." (Aug. 21, 2012 Magistrate Decision, 3.) She further concluded that, as a matter of law, Chase was the real party in interest—not Fannie Mae. The magistrate recommended that the matter proceed to sheriff's sale as an in rem foreclosure.[1]

{¶ 11} Appellant filed written objections to the magistrate's decision contending that the magistrate erred in finding that the assignment had never been effectuated. Appellant noted that the assignment indicated on its face that it had been executed and notarized prior to the merger of Chase Manhattan into Chase Home Finance. He argued that Chase Manhattan had thereby "assigned away" to Fannie Mae its rights to enforce the mortgage and that the successor Chase entities similarly lacked standing to prosecute a foreclosure. (Appellant's Sept. 21, 2012 Objections, 5.)

{¶ 12} In addition, appellant contended that the assignment had been "robo-signed," which appellant defined as "signing legal documents without reviewing the file for which one is signing the document." (Objections, 6.) Appellant suggested that the assignment evidenced fraud in its execution and urged the court to find that the assignment had, in fact, operated to transfer the mortgagee's rights to Fannie Mae as of the date of the alleged robo-signing.

{¶ 13} On December 21, 2012, the common pleas court overruled appellant's objections to the magistrate's decision and adopted the decision as its own. The court cited a 2012 decision of this court in which we found that, "because the debtor is not a party to the assignment of the mortgage, [the debtor] lacks standing to challenge its validity." *LSF6 Mercury REO Invests. Trust Series 2008-1, c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. No. 11AP-757, 2012-Ohio-4499, ¶ 28, citing *Bank of New York Mellon Trust Co. v. Unger,* 8th Dist. No. 97315, 2012-Ohio-1950, ¶ 35. The court cited *Chase Home Fin., L.L.C. v. Heft,* 3d Dist. No. 8-10-14, 2012-Ohio-876, as support for the same proposition and observed that these cases followed precedent established in two federal court decisions, *Livonia Prop. Holdings 12840-12976 v. Farmington Rd. Holdings,* 717 F. Supp.2d 724 (2010) and *Bridge v. Aames Capital Corp.,* No. 1:0-9 CV 2947 (N.D.Ohio2010). In those cases, the

---

[1] The record does not reflect successful service of process on the original borrower and mortgagor, Raymond Romine, and Chase did not seek, nor did the court issue, a judgment finding any of the defendants personally liable for monetary damages .

court observed that a borrower may not challenge an assignment between an assignor and assignee and that the borrower does not have standing to dispute the validity of such an assignment because the borrower was not a party to those documents. The court noted that there was no dispute in the case before it that appellant had stopped making payments on the loan and was in default on the note. The court concluded that appellant did not have standing to challenge the validity of the assignment of the note and mortgage. In addition, the court held that Chase had provided sufficient evidence to support a finding that it was the holder of the note and mortgage.

{¶ 14} Appellant timely filed a notice of appeal and asserts the following two assignments of error:

> 1. The court erred in finding that Appellee, JP Morgan Chase Bank, N.A., had standing to foreclose when a valid assignment of mortgage existed and was admitted at trial as being signed and executed with the original in Appellee's file.
>
> 2. The trial court erred in finding that Appellant lacked standing to enforce the assignment because Appellant was not a party to the assignment, citing *LSF6 Mercury REO Invs. Trust Series 2008-1 v. Locke*, 10th Dist. No. 11AP-757, 2012-Ohio-4499.

### Analysis

{¶ 15} We first address the second assignment of error as we find it dispositive.

{¶ 16} In *Locke*, this court held that a defendant borrower in a foreclosure action lacked standing to challenge the validity of an assignment of a note and mortgage the borrower had executed where no dispute existed as to the fact that the borrower had defaulted on her payment obligations. The allegedly invalid mortgage assignments did not alter the homeowner's obligations under the note or mortgage. "The assignee bank filed the foreclosure complaint based on the homeowners' default under the note and mortgage, not because of the mortgage assignments, and the homeowners' default exposed them to foreclosure regardless of which party actually proceeded with foreclosure." *Locke* at ¶ 29.

{¶ 17} This court followed *Locke* in *Deutsche Bank Natl. Trust. Co. v. Whiteman*, 10th Dist. No. 12AP-536, 2013-Ohio-1636, observing that *Locke* established that "because a debtor is not a party to the assignment of a note and mortgage, the debtor lacks standing to challenge their validity." *Whiteman* at ¶ 16. The court further acknowledged that there was no dispute between the original mortgagee and the entity subsequently named as an

assignee of the note and mortgage as to the identity of the holder of the note and the mortgage.  Rather, only the borrower challenged the assignment's validity, and there was no dispute that the borrower had defaulted on his loan and was subject to foreclosure.  *Id.*

{¶ 18}  The trial court correctly applied the precedent this court established in *Locke* and *Whiteman*.  It therefore did not err in holding that appellant lacked standing to enforce the assignment because appellant was not a party to the assignment.  Accordingly, we overrule appellant's second assignment of error.

{¶ 19}  In his first assignment of error, appellant argues that Chase lacked standing to seek foreclosure of the mortgage. Appellant contends that the undisputed evidence justifies the legal conclusion that Chase had assigned its interests under the mortgage to Fannie Mae and that Chase therefore was not the real party in interest with standing to assert the right of foreclosure established by the mortgage.

{¶ 20}  Our disposition of appellant's second assignment of error renders moot appellant's first assignment of error.  Notwithstanding, we find appellant's arguments in support of his first assignment of error to be unpersuasive.

{¶ 21}  Appellant bases his argument on the November 27, 2002 assignment of mortgage to Fannie Mae contained in Chase's records.[2]  But appellant provided no evidence to rebut the testimony of Chase's employee, Frank Dean, that Chase had never legally assigned the note and mortgage to any other financial entity.  Indeed, appellant acknowledges that the purported mortgage assignment was "never actually delivered to Fannie Mae." (Appellant's Brief, 6.)  The absence of delivery of the assignment to Fannie Mae defeats appellant's argument.

{¶ 22}  It has long been recognized, and is well-established, that an executed document of conveyance that is never delivered is a "mere nullity."  *Williams v. Schatz,* 42 Ohio St. 47, 50 (1884).  In *Williams*, the court recognized that "[a]n instrument may be in the form of a deed; it may be properly signed, sealed, witnessed, acknowledged and recorded; the grantor may have capacity to convey, and the grantee to receive and hold the title; the transaction may be free from fraud or mistake; nevertheless, the instrument will not take effect as a deed *unless it is delivered*." (Emphasis added.) *Id.* More recently, this

---

[2] The record reveals that appellant became aware of the undelivered, unrecorded assignment because Chase had attached it as part of an exhibit in an earlier mortgage foreclosure action, which Chase ultimately voluntarily dismissed.

court in 1981 relied o*n Williams* in recognizing that a quitclaim deed executed by the owner of real property, but kept in the owner's possession and never delivered to the grantee, did not legally transfer ownership to the grantee. *See also Gatts v. E.G.T.G., GMBH,* 14 Ohio App.3d 243, 245 (11th Dist.1983) ("It is fundamental under Ohio law that recording is not necessary to give validity to instruments of conveyance. However, it is equally basic that delivery is an essential requirement of instruments of conveyance, as well as their acceptance, for purpose of passing title.").

{¶ 23} Accordingly, a document of conveyance of an interest in real property, even if fully executed and notarized, takes legal effect only upon delivery. *See Leonard v. Kebler's Admr.*, 50 Ohio St. 444, 453 (1893) (" 'Delivery is the final step necessary to perfect the existence of any written contract.' " [Citation omitted.]). While a written legal conveyance has no legal effect until delivery, "no particular form or ceremony is essential to constitute delivery; it need not be manual; it may be made by words and acts, or either, if accompanied with intention that they shall have that effect; it may be made by the grantor personally, or through his agent, to the grantee, either personally or through his agent; and it may be made *in escrow*, or to take effect immediately." (Emphasis sic.) *Williams* at 50. Delivery to the appropriate governmental office for recordation constitutes prima facie evidence of delivery to the grantee. *Gatts* at 246. As recognized by the court in *Gatts*, "A deed is effective for purposes of passing title at the time when delivery and acceptance are completed." *Id.*, citing *Baldwin v. Bank of Massillon*, 1 Ohio St. 141 (1853). In addition, an effective delivery of a deed requires an acceptance on the part of the grantee, coupled with the mutual intent of the parties to pass title. *Kinasz-Reagan v. Ohio Dept. of Job & Family Servs.,* 164 Ohio App.3d 458, 2005-Ohio-5848 (8th Dist.). "The general rule is that delivery is required to give effect to a mortgage, as well as acceptance." *Gatts* at 246.

{¶ 24} The premise that delivery of a conveying instrument is required to effect a transfer of property rights is applicable to cases involving assignments of notes and mortgages as well as deeds. In *Leonard*, the Supreme Court of Ohio expressly provided in the first paragraph of the syllabus of the decision that "[d]elivery is esstential to the validity of an assignment." Absent evidence of either actual or constructive delivery, through recordation or otherwise, of the assignment to Fannie Mae, the assignment in this

case was a nullity.  Appellant acknowledged that the assignment was never delivered to Fannie Mae nor recorded.  He  offered no other evidence to support his contention that Fannie Mae, rather than Chase, was the real party in interest to enforce the provisions of the note and mortgage that Romine had executed.

{¶ 25} Appellant further argues that R.C. 5301.01 and 5301.32 justify the conclusion that the assignment "was effective the moment it was executed and acknowledged by the vice president and certified by the notary who took the acknowledgement." (Appellant's reply brief, 7.)  Those statutory sections establish that an assignment shall, inter alia, be signed by the grantor; acknowledged by an official listed in R.C. 5301.01(A) ( including notaries public); and recorded.  The statutes do not, however, affect existing law requiring delivery and acceptance of instruments of real property conveyance as the final step in accomplishing a conveyance, nor do they otherwise purport to establish the time at which an assignment legally occurs.  Moreover, were we to accept appellant's argument that the signing and acknowledgement of a conveying instrument is itself sufficient to immediately transfer the real estate interests described in the instrument, we would effectively destroy the legal foundation of the use of escrow in connection with real estate transactions. *See generally* Ohio Jurisprudence 3d, Deeds, Sections 68-70, at 288-90 (2002).

## Conclusion

{¶ 26} For the foregoing reasons, we overrule appellant's second assignment of error but render his first assignment of error moot.  We therefore affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.

_____