*By the Court:
The mortgage set up by the complainant, though executed in January, 1821, remained in the possession of the mortgagor, without any attempt to perfect it by a delivery, till some time in the summer of 1823. The judgment under which Brown purchased and claims the premises was obtained in July, 1821, and by the statute of the state, was a lien on the lands and tenements of the defendant from the first day of the term in which it was rendered. In order to overreach this judgment, it has been strenuously contended that the deed took effect from its date, and operated ás a *246 lien on the premises from January, 1821, which was anterior to the term in which the judgment was had. The authority principally relied on, to support this position, is the case of Wilt v. Franklin, 1 Binney, 502, in which it was decided by a majority of the court that the deed executed by Keely to Bartholomew should take effect from its date, so as to overreach a judgment rendered against Keely, after the execution, and before the delivery of the deed. There is, however, a striking difference between the facts of that case and of the one before us.
The deed by Keely was made for the benefit of all his creditors; it was retained in his possession only a few days, which was in part accounted for, by the fact that the grantee resided in the country, at the distance of about thirty miles. In this case the mortgage was for the benefit of a single creditor; it was kept in the hands of Bentley nearly three years, subject to his disposal. It was made for the avowed purpose 'of placing the property beyond the reach of one of his creditors. It was not his intention to deliver it, unless that creditor attempted to enforce his claim, and Bentley treated the property, during that time, as his own, exercising acts of ownership, and leasing a part of it for the term of twenty years. Whether the distinguishing facts of that case, led the court to determine that the operation of the deed should relate back to its execution, or not, we do not know, but if it was intended to adopt the principle set up by this complainant, we are constrained to declare that we can not recognize that case as a rule of decision'in this state.
We consider the law to be well settled that deeds are to *take effect from delivery, wherever the rights of third persons are involved. The doctrine of relation exists only between the immediate parties to the transaction. It is founded on a legal fiction, intended to prevent, not to promote injustice. As when a deed is executed and delivered as an escrow, if the grantor die before the performance of the condition, yet when the condition is performed, the grant shall relate back to the date, so as not to be defeated by the death of the grantor. And in a similar case, if the grantor be a feme sole, and marry before the performance of the condition, the same relation shall take place, and for the same purpose. But these, and similar cases, are not considered as affecting the general rule. They may be considered as exceptions, or as constituting a *247 separate class of cases, resting on a different principle. It is not necessary to examine the authorities applicable to this point. Those cited on the part of the defendant sufficiently establish the doctrine, and it is plainly inferable from most of those relied on by the complainant. The circumstances of this case are not such as to take it out of the general rule. They are rather calculated to illustrate the propriety of the rule, by showing the fraudulent purpose that might be accomplished, were it not in existence. Without it, a debtor might execute a deed of all his real estate, and place it in his desk, to be used as circumstances might require, and when pressed by judgments, might deliver it to the grantee, as a deed overreaching the whole of their liens. This was, at least partially, the avowed object of this mortgagor. He declared to Stephens and others that the mortgage was under his control, and that he did not intend to use it, unless the United'States pressed for their claim.
In this point of view the transaction was tainted with fraud, though it is not necessary, for the purposes of this decision, to consider it in that light. It is sufficient to say that the instrument operating from its delivery, did not take effect till the summer of 1823, and, consequently, that the judgment in 1821 has the prior lien.
We recognize the doctrine of marshaling assets, when justice and equity require it, but on this subject it is sufficient to say that if the personal property had been incumbered, *the whole amount of its estimated value, added to the proceeds of the real estate sold under the judgment, has not satisfied more than a moiety of the debt. The .principle, therefore, can not be applied in the present ease.
It is also admitted that a deed executed without the knowledge of the grantee may be good, when it is not impeached by other circumstances. And that whatever might have been the motives of this mortgagor, at the time of executing the instrument, the mortgagee does not appear to have been a participator in them. But exonerating him from a charge of fraud, is not sufficient to establish his claim. ' His innocence can not change the rules of law. If the transaction were free, both from moral and constructive fraud, the result would be the same. The deed as to the defendant, Brown, would take effect from its delivery.
*248 The bill, as to the defendant, Brown, must be dismissed with costs.†

HoTB by the Editob. — That a delivery of a deed'to a third person, without the knowledge of the grantee, may pass the title of grantor, see also xiv. 307. The lien of a junior mortgage first recorded, is preferred, although the junior mortgagee had actual notice of the senior mortgage when he took the junior, xiii. 148; xiv. 428; xvi. 533. And mortgages now take effect only from time of delivery to recorder, Swan’s Stat. 568, sec. 13. Until so delivered, they are not mortgages, and are not “ executed,” xiv. 428; xvi. 533, and cases cited.
A mortgage delivered to recorder on the first day of the term of the court at which a judgment is rendered, and before the court convenes, is preferred to the lien of the judgment, xvi. Ill, 533.