CURLIS *v.* PURSLEY.

(No. 34394—Decided April 4, 1967.)

Common Pleas Court of Clermont County.

*Messrs. Walker, Bradford & Hill,* for plaintiff.
*Messrs. Ely, Moore & Tilbury,* for defendant.

NICHOLS, J.   This suit is brought against the defendant to recover the sum of $4,897.26 based upon the following claim; the Defendant, Edna Pursley, and her mother, Cloie Curlis, the daughter being by a prior marriage, and the plaintiff being the husband of the said Cloie Curlis at the time of her death.

The claim is that he expended money in the payment of real estate taxes; making additions to the building, including the construction of a garage; re-roofing part of the residence and installing a sewer; the payment of insurance on the buildings, and the payment of money on a mortgage on the property which was in existence at the time of the marriage of the plaintiff, Levi Curlis, Sr., to Cloie Curlis.

Basically, the facts show that Levi Curlis, Sr., and Cloie Smith were married in November of 1955, and that she died in the summer of 1965.   The deed to the premises in question was dated June 30, 1949, filed for record July 3, 1950, and recorded

in Deed Book 281, Page 114 of the Deed Records of Clermont County, Ohio.

The granting clause in the deed reads as follows: "grant, bargain, sell and convey to the said Cloie Smith and Edna Pursley, or the survivor of them, their heirs and assigns forever," and the same or similar language was used in the habendum clause.

Two questions are involved in this lawsuit, there being relatively little dispute as to the actual facts. These questions are: What is the nature of the ownership of Cloie Smith, later Cloie Curlis, and Edna Pursley in the property? The question evolves around the use of the word "or" in the granting clause.

The second question is to what rights the plaintiff would have against the defendant individually for making payments. In other words, would these payments be considered voluntary payments and part of his obligation as the husband of the owner of the one-half interest in this particular piece of real estate?

There is no dispute in respect to most of the facts; namely, the wording of the granting clause in the deed. Also there is no dispute of the fact that there was a mortgage on the property held by the Williamsburg Building & Loan Company, which mortgage was given by Verne Smith and Ruth Smith, who later conveyed the property to Cloie Smith and Edna Pursley under the aforementioned deed. Likewise, there is no dispute that Cloie Smith and her husband, George Smith, together with Edna Pursley and Chester Pursley, her husband, gave a second mortgage on this property, which was dated July 21, 1951, recorded July 24, 1951, and that both of these mortgages were uncancelled at the time of the marriage between Levi Curlis, Sr., and Cloie Smith. The record is undisputed that these mortgages were not cancelled until March 3, 1962, they both being cancelled on the same date.

The passbook of the Williamsburg Building & Loan was admitted in evidence, which shows regular payments on these loans which were in the amount of $10.00 per week; the testimony of the plaintiff being that he, personally, made these payments. The passbook of the Williamsburg Building & Loan was listed in the name of Verne Smith.

Likewise, there was admitted in evidence, the various tax

receipts on this lot showing tax payments of approximately $75.00 per year up to 1951, and thereafter tax payments ranging from $100.00 a year to $132.00 per year. These tax receipts all show that the owner of the property was listed as Cloie Smith and Edna Pursley.

Evidence was also presented showing certain improvements or repairs on the buildings. Receipts were offered in evidence and it was testified that they were paid for by the plaintiff, Levi Curlis, Sr.

The evidence also discloses that the plaintiff, Levi Curlis, Sr., and his wife lived in this premises from the date of the marriage until the death of his wife, and that the defendant, Edna Pursley did not receive any benefits from the building, at least, up until the death of her mother. The defendant took possession of the house shortly after the death of her mother.

The first question, therefore, necessary to decide, is what interest did Edna Pursley have in the property at the death of her mother?

The wording in the deed, both in the granting and habendum clause is "grant, bargain, sell and convey to the said Cloie Smith and Edna Pursley, or the survivor of them, their heirs and assigns forever." The court will observe that if the wording, "or the survivor of them" had been eliminated from the deed altogether, it would have been a straight deed in fee simple to the two of them, each owning the undivided one-half.

The court feels that as a logical interpretation of this or any deed, it must look to the wording as a whole, and we must give some meaning to the wording, "or the survivor of them." This court, during his studies in law school, which were longer ago than the court likes to admit, studied the various and sundry types of conveyances and estates that were set up under the common law. "Joint tenancies," "tenancy by entirety," "tenancy in common with right of survivorship," "entailed estates," "the statute against perpetuities," "the rule in Shelley's Case," and the term "possibility of issue extinct," all here, dealt with and gone over many hours during the course in "real estate" and "future interests." However, from a practical matter, the practice of law, we do not run into these terms except very rarely. People own property as fee simple and jointly with another person. In some cases, a life estate is established,

and in the last fifteen or twenty years, the tendency to create what is known as joint and survivorship estates in real estate has developed. When properly used, this type of deed is excellent, particularly where a deed to a husband and wife for their home property, and particularly where there are a number of minor children. This type of conveyance at the death of one of the parents, provides that the home property shall be in fee simple to the survivor. It has problems, of course, which is where there is a domestic problem between the parties, and likewise, where the estate is of such size that it is subject to federal estate tax, but for the normal person getting married and raising a family, it is an ideal type to use for those people.

It is well established in the law of Ohio that the technical state known as joint tenancy, which of itself provided for ownership in the survivor is not recognized in Ohio. Likewise, there is a prohibition against the keeping property in the perpetuity such as has been done for many years in England. By deed it was provided that the property went to the oldest male child of the grantee and then to his oldest male child, and so on, in perpetuity. But the acceptance of the straight survivorship deed is now recognized in Ohio, reluctantly by some lawyers, but generally accepted, and the court feels that, without doubt, if there is proper language, a joint and survivorship deed may be created. There has been more hesitancy in accepting the survivorship deeds where the word "or" is used. The court has examined the various text books on the use of the word "or" and the exact language used in this case, "to Cloie Smith and Edna Pursley, or the survivor of them, their heirs and assigns forever," is stated in McDermott's Ohio Real Property Law and Practice at Page 16B that such a conveyance is not sufficient to create an estate with right of survivorship. The exact wording of this text book reads as follows:

"A conveyance is not sufficient to create an estate with right of survivorship when 'to A or B'; 'to A or B, their heirs and assigns'; 'to A or B, his or her heirs and assigns'; 'to A and B or the survivor'; or the like."

The exact wording from this text book is included in the Desk Manual of the Ohio State Bar Association, under the heading of "Real Property" in Paragraph 3.4. Neither of these citations is supported by any judicial decision.

The use of the word "or" is generally accepted in bank accounts and stock ownership, government bonds and many other assets, and there seems no reason to this court why the word "or" as is used in this deed, would not be given some meaning, and the only logical meaning that can be given to the inclusion of the words "or the survivor of them" is that at the death of one, the title passes in fee simple to the survivor.

The court, therefore, holds that the wording "to Cloie Smith and Edna Pursley, or the survivor of them, their heirs and assigns forever" creates a joint and survivorship estate, both parties having an undivided one-half interest in the property during their joint lifetime, and at the death of one, the whole of said property passes in fee simple to the survivor; in this case, to the defendant, Edna Pursley.

The second question to be determined is, "What interest, if any, does the plaintiff have in the real estate?"

While there might be some question as to the actual proof of certain of the expenditures the court feels that they have been sufficiently proven to establish the right of the plaintiff. The court, therefore, will not go into the question of the detailed proof of the amount of expenditures upon the principal question as to whether or not the plaintiff has any interest in this property.

The amended petition asks for a judgment of money against the defendant, Edna Pursley, as surviving record owner in fee simple of the real property hereinbefore referred to and described in the amount of $4,897.26.

The theory behind this claim seemingly is an implied contract and unjust enrichment. The court does not feel that either of these theories are applicable in this case.

The plaintiff is the husband of an owner of one-half interest in the property. He lived in the property for a period of ten years and the defendant, who was the owner of the other one-half, did not have the use or benefit of this property for that period.

The plaintiff testified that he paid off the mortgage that was on the property, certain insurance and taxes, and made some improvements on the property. The total payments that he made during the ten-year period was a little over $4800.00,

or $480.00 per year. This would amount to $40.00 a month for the time the plaintiff was in the property.

The plaintiff, as the husband, is, under the law, required to support his wife during the marriage, which would, of necessity, include the furnishing a home, but where the plaintiff paid out on the average of $40.00 per month, seems to the court, a relatively small amount for his share of maintaining the home property.

When he made these payments he certainly knew that the property was not all in his wife's name, as the deed was a matter of public record and could have easily been seen by the plaintiff. The mortgage book, on its face, shows the name of Verne Smith, which would possibly indicate to the plaintiff some need of investigation as to who actually owned the property, but probably the most significant piece of evidence are the tax receipts in which the plaintiff states that he paid over a period of approximately ten years, showing the real estate in the name of Cloie Smith and E. Pursley.

A situation might develop in case the home property is in the name of a woman who later marries, and the husband paid off the mortgage on the property while he and his wife lived there, and assuming that the wife would have left the property to some other individual by will, it would not be conceivable that the husband could come in and claim an interest or a lien on that property. He would, of course, as he has in this case, have an interest in his wife's estate as is provided by law.

For the reasons above stated, we feel that the claims set forth in the petition should be denied, and an entry may be drawn denying relief asked for in the petition.