PIETRO, APPELLEE, *v.* LEONETTI, EXR., APPELLANT.

(No. 30596—Decided June 10, 1971.)

*Messrs. Danaceau, Brown, Hausler & Rothschild,* for appellee.

*Mr. Albert Leonetti,* for appellant.

KRENZLER, J. This is an appeal on law by defendant appellant (hereinafter referred to as "appellant") from a judgment for plaintiff appellee (hereinafter referred to as "appellee") for $9,336.68 in the Common Pleas Court of Cuyahoga County.

Appellee Genevieve Pietro is the surviving spouse of Joseph M. Pietro, deceased, and appellant Frank Leonetti is the Executor of the Estate of Joseph M. Pietro, deceased.

This case was tried below on stipulations of fact, and the pertinent stipulations are summarized as follows:

In January, 1969, Joseph M. Pietro and Genevieve Pietro, husband and wife, contracted for the purchase of a residence in Bedford, Ohio, for $27,900.00. A down payment of $10,000.00 was paid by Joseph M. Pietro out of his funds. The balance of the purchase price was obtained from

the Third Federal Savings and Loan Company. On March 8, 1969, Joseph M. Pietro and Genevieve Pietro executed a joint and several note and a mortgage to Third Federal Savings and Loan Company in the sum of $17,900.00. Title to the property was taken in the names of Joseph M. Pietro and Genevieve Pietro, husband and wife, and to the survivor of them. On March 24, 1969, Joseph M. Pietro died, and Frank Leonetti was appointed Executor. The decedent's will made no provision for his wife, and she elected to take under the statute of descent and distribution. No payments were made on the mortgage prior to the death of Joseph M. Pietro, and after he died Genevieve Pietro made two mortgage payments totalling $254. The property was sold by Genevieve Pietro for $29,500.00, and the balance of the mortgage, including interest, for a total of $18,419.36, was paid by her on or about July 11, 1969.

Appellee presented a written claim to appellant for $9,336.68 ($9,209.68, which was one-half of the balance on the note and mortgage, plus $127, which was one-half of the monthly payments made after death). The claim was rejected by appellant and this action filed within two months thereafter, as provided for in R. C. 2117.12. The trial court gave judgment to the appellee for $9,336.68.

The issue in this case is whether a surviving spouse, who had become the sole owner of certain real estate held by her and her decedent husband as joint tenants with the right of survivorship, was entitled to contribution from the personal estate of the decedent toward payment of a joint and several mortgage note secured by a mortgage on said property.

Appellant argues that the issue in this case centers around the equitable doctrine of contribution and should be decided in the light of the relationship between the parties after the debt is paid and discharged. The original obligation, namely, the point and several note, should not be controlling because the surviving spouse is the sole owner of the property which was the security for the debt. He further states that since the decedent no longer had an interest in the property it would be inequitable to make the estate pay one-half of the obligation. The surviving

spouse sold the property, paid off the mortgage, thus freeing herself from debt, and she had $11,000.00 extra. Appellant argues that the surviving spouse should not be able to keep the net proceeds of the sale after satisfying the mortgage, and also have contribution of one-half of the obligation. The estate should only be liable if the security were exhausted.

Appellee's position is that when two persons share a common burden as joint debtors and one is compelled to pay more than his share, he is entitled to contribution from his co-obligor, and the right of contribution flows from the debt, which is evidenced by the note, and not from the mortgage lien, which is security for the debt.

We will first look to the status of the property. Title was taken in the names of Joseph M Pietro and Genevieve Pietro, husband and wife, and to the survivor of them. This created a joint and survivor title and upon the death of either the fee simple title vested in the survivor. *Lewis* v. *Baldwin* (1842), 11 Ohio 352; *Curlis* v. *Pursley* (1967), 10 Ohio Misc. 266; *Cleaver* v. *Long* (1955), 69 Ohio Law Abs. 488. Because the real estate became the absolute property of the surviving spouse immediately upon the death of the decedent, the property did not become part of the probate estate of decedent and the survivor took title to the property subject to the mortgage of Third Federal Savings and Loan Company.

As to the note—it was a joint and several obligation, which means that a creditor can sue either or both of the debtors in order to enforce the obligation.

The general principle of contribution is well established. If a debtor pays a joint obligation, he is entitled to contribution from the other joint debtor for his share of the debt. If one joint debtor dies and the surviving joint debtor makes payment, he can make a claim against decedent's estate for the decedent's share of the joint debt. *Clinton Bank of Columbus* v. *Hart* (1855), 5 Ohio St. 34; *Gaster* v. *Waggoner* (1875), 26 Ohio St. 450; *Baltimore & Ohio Rd. Co.* v. *Walker* (1888), 45 Ohio St. 577; *Terry* v. *Claypool* (1945), 77 Ohio App. 87.

The issue presented in this case is one of first impres-

sion in Ohio. However, in other jurisdictions there are two lines of cases dealing with the subject of contribution when a husband and wife jointly and severally incur an indebtedness secured by a mortgage on property held by them as joint tenants with the right of survivorship, and one spouse dies.

A leading case allowing contribution under facts similar to the present case is *In re Keil's Estate* (1958), 51 Del. 351, 145 A. 2d 563, 76 A. L. R. 2d 997; other cases allowing contribution are *White* v. *Parnell* (D. C. Cir. 1968), 397 F. 2d 709; *McLochlin* v. *Miller* (1966), 139 Ind. App. 443, 217 N. E. 2d 50; *Brown* v. *Hargraves* (1957), 198 Va. 748, 96 S. E. 2d 788; *In re Dowler's Estate* (1951), 368 Pa. 519, 84 A. 2d 209; *Wachovia Bank and Trust Company* v. *Black* (1930), 198 N. C. 219, 151 S. E. 269.

The reasoning of these cases can be summarized as follows:

(1) Where two or more persons are under a common burden or liability such as a joint and several obligation, it is the general rule that a creditor may enforce the obligation against either or both of the parties, but as between the joint obligors, each of them is liable for one-half of the debt. A joint debtor should not have to pay more than his share of the obligation and equitable principles entitle him to contribution from one jointly liable with him if he is compelled to pay more than his share. It is well settled that a joint and several obligation of two parties, whether or not husband and wife, creates an obligation which, on its face, is for the benefit of both, and upon the death of one party his estate is still liable for the debt.

(2) The obligation, evidenced by the note, is separate from the mortgage, which is security for the debt; and the right of contribution flows from the debt, and not from the mortgage lien. The fact that there is collateral in the hands of a creditor is immaterial to his right to enforce the obligation.

(3) The payment of the debt by the surviving joint debtor is a benefit to the decedent's estate because it discharges a liability of the estate, and this is true whether or not there is any collateral in the hands of the creditor.

Cases which deny contribution under facts similar to the present case are *Ratte* v. *Ratte* (1927), 260 Mass. 165, 156 N. E. 870; *In re Estate of Dolley* (1968), 265 Cal. App. 2d 63, 71 Cal. Rptr. 56; *Lopez* v. *Lopez* (Fla. 1956), 90 So. 2d 456; *Geldart* v. *Bank of New York and Trust Company* (1924), 209 App. Div. 581, 205 N. Y. S. 238.

The reasoning of these cases is that at the time the debt is paid there is no common burden upon the land subject to the mortgage because title has passed to the surviving spouse. The equitable concept that one receiving the benefits of the property shall also accept its burden applies. It would be inequitable to compel contribution from a joint debtor who no longer has an interest in the land and such contribution would cause unjust enrichment to the surviving spouse.

We agree with the views expressed in *In re Keil's Estate* and the cases following it. This view is better reasoned and based on well established legal principles.

The debt, note and mortgage are separate items and should be treated as such. The note is evidence of the debt and the mortgage is security for the debt. If the joint debtors had intended a different result regarding the note, they could have agreed and provided that when title to the property passed to the survivor the debt became the sole obligation of the survivor.

The appellant urges that the note follows the mortgage on the death of the decedent because title passed to the surviving spouse by operation of law, and in effect, that the note merges with the mortgage and decedent's estate is therefore not obligated on the note unless the security is insufficient to satisfy the obligation. The surviving spouse took title to the property by operation of law and took it subject to the mortgage. She was, therefore, obligated to satisfy the mortgage, which she did.

We hold that the note is a joint and several obligation which is evidence of the debt and each party is obligated to pay one-half. The surviving spouse paid the obligation and she is entitled to contribution from her joint obligor. The estate is therefore liable on the note and the fact that the obligation was secured by a mortgage and

title to the property passed to the surviving spouse does not relieve the estate of its obligation and shift the entire obligation to the surviving spouse.

*Judgment affirmed.*

WASSERMAN, P. J., and MANOS, J., concur.