This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Colonial Guild Ltd. appeals from the decision of the Lorain County Court of Common Pleas, which granted summary judgment to defendants Russell and Clarice Pruitt and the Pruitt Family Trust. This court reverses.
 I.
On October 1, 1998, Colonial Guild Ltd. (hereinafter "Colonial") filed suit to set aside conveyances of two parcels of real estate from Russell and Clarice Pruitt to the Pruitt Family Trust (hereinafter "the trust"). Colonial asserted that it had filed suit against Mr. Pruitt in 1993 in federal court, that it had obtained a judgment against Mr. Pruitt in 1996 and that it had registered the judgment in the Lorain County Court of Common Pleas. Colonial further asserted that the Pruitts had conveyed the two parcels of real estate to the trust in deeds recorded on December 14, 1994. Finally, Colonial asserted that the purpose of the conveyances was to avoid Colonial's claim and later judgment. Colonial also named as defendants: two John Does, unknown trustees of the trust; Farmers Savings Bank, mortgage holder of several mortgages on the properties; and the Lorain County Treasurer, who has a claim for unpaid property taxes.
The Pruitts and the trust filed a motion for summary judgment, arguing that the Pruitts conveyed the properties to the trust on October 31, 1991 in unrecorded deeds, that the complaint was filed beyond the four-year statute of limitations for fraudulent transfer actions, and that Mr. Pruitt did not intend to defraud Colonial when he conveyed the properties. Colonial also filed a motion for summary judgment, arguing that the cause of action did not accrue until later deeds conveying the same properties to the trust were recorded in December 1994, and that Mr. Pruitt's deposition testimony established that he did not receive adequate compensation for his property, making the transfer fraudulentper se.
The trial court did not explicitly rule on Colonial's summary judgment motion but the court granted summary judgment to defendants on the basis that the original deeds executed in October 1991 were valid, and the October 1998 complaint was filed beyond the four-year statute of limitations. The trial court then determined that there was no just cause for delay, pursuant to Civ.R. 54(B). Colonial filed the instant appeal, assigning two errors.
 II. I. THE LOWER COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT ON THE BASIS THAT A DEFECTIVE CONVEYANCE OF INTEREST IN LAND IS VALID BETWEEN THE PARTIES IN THE ABSENCE OF FRAUD.
 A. Standard of Review
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
Where the non-moving party would have the burden of proving all of a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See e.g.,Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element. Dresher, 75 Ohio St.3d at 293.
With this standard of review in mind, we turn to the merits of this case.
 B. Fraudulent Conveyance Statute of Limitations
Ohio's version of the Uniform Fraudulent Conveyance Act is codified in R.C. 1336.01 et seq. See Stein v. Brown (1985), 18 Ohio St.3d 305,307. In their motion for summary judgment, defendants argued that the real estate transfers in October 1991 were valid transfers, thus putting Colonial's October 1998 complaint beyond the four-year statute of limitations found in R.C. 1336.09. Furthermore, defendants argued that even if the court determined that the only valid transfers were completed in December 1994, within the statute of limitations, the transfers were not done with the intent to defraud Colonial of any claim. In support of their summary judgment motion, the defendants attached the affidavit of Russell Pruitt averring that "[t]hese deeds * * * were not intended for the purpose of a fraudulent conveyance or to avoid a claim by Colonial Guild, Ltd."
Colonial responded in opposition to the summary judgment motion and filed its own motion for summary judgment, pointing to deposition testimony by Russell Pruitt establishing that he did not receive adequate consideration for the transfer, in that he received no money from the trust for the transfer, he has received no income from the trust subsequent to the transfer, and the trust is not earning any money presently. Colonial pointed to Mr. Pruitt's deposition testimony that he does not have any assets by which to satisfy Colonial's judgment of $150,000 even though the properties transferred to the trust have a clear value of at least $187,761.00, the amount of the mortgages issued for the properties.
The possible types of fraudulent conveyance included in R.C. 1336.04(A) are:
 (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
 (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
 (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:
 (a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;
 (b) The debtor intended to incur, or believed or reasonably should have believed that he the debtor would incur, debts beyond his ability to pay as they became due.
The type of fraud governed by R.C. 1336.05 is:
 (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
 A person is insolvent if he "either has ceased to pay the person's debts in the ordinary course of business or cannot pay the person's debts as they become due or is insolvent within the meaning of the federal bankruptcy law." R.C. 1301.01(W).
The October 1998 suit was filed beyond the four-year statute of limitations only if the unrecorded October 1991 transfers were valid with respect to Colonial. The trial court determined that the earlier transfers were valid, and therefore the complaint was untimely filed. In their motion for summary judgment, defendants conceded that the 1991 deeds transferring the properties to the trust were never recorded, but they cited Ohio case law that unrecorded deeds constitute valid transfers as between the parties. However, defendants also conceded that a second set of deeds was executed and recorded in December 1994. Defendants did not explain how Mr. and Mrs. Pruitt, who no longer owned the properties, pursuant to the allegedly valid 1991 transfers, were able to convey the properties to the trust in 1994.
Although an unrecorded deed can still be a valid transfer of title between the parties, cf. In re: Estate of Ault (1992), 80 Ohio App.3d 399,402-403, it is undisputed that Colonial was not a party to the 1991 transfers. Thus, the unrecorded 1991 transfers were not valid as to a third party. Even assuming, arguendo, that the 1991 transfers were valid, R.C. 1336.09(A) provides that the statute of limitations for a claim under R.C. 1336.04(A)(1) may be longer than four years if the creditor brings suit within a year from the time the creditor knew or reasonably could have known of the transfer. Defendants have not demonstrated how Colonial could or should have known of the 1991 transfers, which were never recorded.
Defendants did not meet their Dresher burden in showing that there was no genuine issue of material fact, and that they were entitled to judgment as a matter of law on the basis of the statute of limitations.
 B. Fraudulent Transfer — Intent
Defendants also argued that any intent to defraud via the 1991 transfers cannot be established because Colonial did not have a judgment entry against Mr. Pruitt until March 20, 1996. Colonial filed its federal lawsuit in 1993. Even assuming, arguendo, that the relevant time for looking at intent is at the time of the 1991 transfers, defendants' argument must fail. R.C. 1336.04 references the attempt by the debtor to avoid a claim, not the execution of a judgment, and it further states that a transfer can be fraudulent even if the claim arises after the transfer. See R.C. 1336.04(A). Defendants have not established that Colonial had no unperfected claim at the time of the 1991 transfers.
Defendants pointed to Mr. Pruitt's affidavit stating that he did not transfer the properties with the intent to defraud Colonial. However, this is not sufficient to meet the defendants' Dresher burden. Intent to defraud may be established by circumstantial evidence. Stein,18 Ohio St.3d at 308-309. See, also, R.C. 1336.04(A)(2).
 In order to establish a fraudulent conveyance under either R.C. 1336.04 or 1336.05, a creditor must prove that the debtor was insolvent or would be made so by the transfer in issue and that the transfer was made without fair consideration. If both of these burdens are met, the transfer is fraudulent as a matter of law. Neither the intent of the debtor nor the knowledge of the transferee need be proven.
Sease v. John Smith Grain Co. (1984), 17 Ohio App.3d 223, 225. The defendants argued that there was no evidence of inferred intent to defraud based on insolvency of the debtor and the inadequate consideration for the transfers. Defendants did not even assert that Mr. Pruitt was not insolvent at the time of, or due to, the transfers. Defendants argued that there was no evidence that Mr. Pruitt received inadequate compensation in exchange for the transfer. However, the 1994 deeds established that Mr. and Mrs. Pruitt conveyed the two properties in consideration for $10.00 for each property. These properties consisted of a total of over forty-nine acres of land. Viewing the facts in the light most favorable to Colonial as the non-moving party, Mr. Pruitt conveyed his interest in these properties to the trusts for less than adequate consideration subsequent to his discovery that Colonial had a valid claim against him. This court can only conclude that as to the issue of intent to defraud, defendants have failed to meet their Dresher
burden to establish that there is no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law.
The defendants failed to establish in their motion for summary judgment either that the complaint was filed beyond the four-year term imposed by statute or that there was no genuine issue of material fact concerning the fraudulent quality of the transfers of the properties. Thus, the trial court erred in granting them summary judgment.
Appellant's first assignment of error is well-taken and it is sustained. The trial court's grant of summary judgment to the defendants is reversed.
 III.
ASSIGNMENT OF ERROR II:
 THE LOWER COURT ERRED IN NOT GRANTING APPELLANT'S CROSS-MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT SAID TRANSFER WAS IN VIOLATION OF R.C. 1336.08(B)(1) (sic).
An appeal may not be taken from the denial of a summary judgment because that order is interlocutory. See, generally, State ex rel.Overmeyer v. Walinski (1966), 8 Ohio St.2d 23. In the instant case the trial court did not explicitly rule on Colonial's motion for summary judgment. However, its grant of summary judgment to defendants was essentially a denial of Colonial's motion for summary judgment.
Because we have reversed the trial court's grant of summary judgment in favor of the defendants and because the trial court did not explicitly rule on Colonial's motion for summary judgment, we decline to address the merits of Colonial's motion for summary judgment here for the first time.
Colonial's second assignment of error is overruled as prematurely presented.
 IV.
We reverse the trial court's grant of summary judgment to the defendants because there remained genuine issues of material fact that precluded judgment as a matter of law. We remand the cause for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
SLABY, J., WHITMORE, J. CONCUR.