DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Hocking County Common Pleas Court judgment that determined that Alaska Seaboard Partners, plaintiff below and appellee herein, had the first and best lien on certain mortgaged property and ordered the foreclosure of that lien and the sale of the premises. Another lienholder, Hide-A-Way Hills Club, defendant below and appellant herein, assigns the following error for our review:
 {¶ 2} "THE TRIAL COURT ERRED IN FINDING THAT A MORTGAGE WHICH IS EXECUTED BY THE MORTGAGORS BEFORE
THEY HAVE LEGAL TITLE TO THE REAL ESTATE DESCRIBED IN THE MORTGAGE, IS VALID, ENFORCEABLE BY EXECUTION, AND AHEAD OF VALID LIENS." (Emphasis in original.)
 {¶ 3} In October of 1995, James and Sharon Godwin purchased lot 218 of Hide-A-Way Hills, Section 7, and lot 2114 of Hide-A-Way Hills, Section 76, from Robert L. Parrish. To finance that purchase, they executed a note payable to Republic Mortgage Corp. in the amount of $64,800 plus interest at the rate of 9.875% per annum to be paid in monthly installments. As security for that note, the Godwins also executed and delivered a mortgage on the property. The note and mortgage were assigned to various parties over the years until they were, eventually, acquired by appellee.
 {¶ 4} On December 29, 1995, the Godwins conveyed lot 2114 of Hide-A-Way Hills, Section 76, back to Appellant Hide-A-Way Hills Club.[1]
The Godwins ultimately defaulted on payment of the note in June of 1997. They filed bankruptcy and were discharged from all dischargeable debts including the note at issue in this case. Moreover, on October 22, 1998 the bankruptcy trustee determined that no equity existed in the mortgaged property and abandoned the premises from the bankruptcy estate.
 {¶ 5} Appellee commenced the action below on December 18, 2000, and alleged that the Godwins were in default of the note, that the mortgage covenants had become absolute and that it had the first and best lien in the premises. Appellee demanded judgment on the note, foreclosure of the mortgage, sale of the property, and the application of proceeds from that sale in satisfaction of its interest.[2] In addition to the Godwins, appellee also joined as defendants several other parties who might have claimed an interest in the premises.[3] Appellee later filed an amended complaint that joined appellant as an additional party defendant due to the previous transfer of the encumbered lot 2114 from the Godwins.
 {¶ 6} On May 29, 2001, appellant filed its answer and denied that appellee had a valid mortgage on the property. Appellant also filed a cross-claim and counterclaim and alleged that the Godwins, upon joining Hide-A-Way Hills, signed a membership agreement and agreed to pay all membership dues. Furthermore, deed restrictions in the Godwins' chain of title gave appellant a lien on their property for the amount of those dues which totaled in excess of $5,500. Appellant demanded judgment for the amount of the unpaid membership dues as well the marshaling of all liens in the premises, a judicial sale of the property and application of the proceeds from that sale in satisfaction of its lien for the unpaid membership dues.
 {¶ 7} On August 3, 2001, appellee moved for partial summary as to the issues of lien priority and ownership of lot 2114.[4] Appellee argued that there were no genuine issues of material fact to be resolved, that the evidentiary materials revealed that it had a valid first and best lien on the property and that part of that property (lot 2114) was now owned by Hide-A-Way Hills. Appellant filed a memorandum contra and argued that the Godwins executed the mortgage on October 5th, but did not get ownership of the property until the deed was recorded on October 31st. Thus, appellant concluded, the Godwins did not have title when they executed the mortgage and could not have conveyed a valid mortgage interest to the mortgagee and subsequent assignee(s).
 {¶ 8} Appellant then made the same argument in its own motion for partial summary judgment on the issue of lien priority. Given that the mortgage was purportedly executed more than three weeks before the property was transferred to the Godwins, appellant argued that the couple could not have conveyed a valid mortgage interest in the property. Thus, appellant concluded, its lien for membership dues was the first and best lien in the premises.
 {¶ 9} The trial court issued an entry on January 3, 2002 that sustained appellee's motion and overruled appellant's motion. On February 21, 2002, the court entered an in rem judgment of foreclosure finding that the Godwins were in default, that appellee's mortgage interest was the first and best lien on the premises and that appellant had a subordinate lien on the premises for membership dues. The court ordered the mortgage foreclosed, the property sold at sheriff's sale and the proceeds be held for further order of the court.[5] This appeal followed.[6]
 {¶ 10} At the outset we note that summary judgments are reviewed de novo. See Broadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881,887, 694 N.E.2d 167; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,41, 654 N.E.2d 1327; Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107, 614 N.E.2d 765. Thus, a reviewing court affords no deference to a trial court's decision, see Hicks v. Leffler (1997),119 Ohio App.3d 424, 427, 695 N.E.2d 777; Dillon v. Med. Ctr.Hosp.(1993), 98 Ohio App.3d 510, 514-515, 648 N.E.2d 1375; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786, and conducts its own review to determine if summary judgment was appropriate. Woodsv. Dutta (1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18; Phillipsv. Rayburn (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279; McGee v.Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.
 {¶ 11} Summary judgment under Civ.R. 56(C) is appropriate when a movant demonstrates that (1) there are no genuine issues of material fact, (2) it is entitled to judgment in its favor as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party; said party being entitled to have the evidence construed most strongly in their favor. Zivich v. Mentor SoccerClub, Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201;Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389,667 N.E.2d 1197; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46. The party that moves for summary judgment bears the initial burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment in its favor as a matter of law. See Vahila v. Hall (1997), 77 Ohio St.3d 421, 429,674 N.E.2d 1164; Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Once that burden is met, the onus shifts to the non-moving party to provide evidentiary materials in rebuttal. See Troutv. Parker (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; CampcoDistributors, Inc. v. Fries (1987), 42 Ohio App.3d 200, 201,537 N.E.2d 661; Whiteleather v. Yosowitz (1983), 10 Ohio App.3d 272,275, 461 N.E.2d 1331. With these principles in mind, we turn our attention to the proceedings below.
 {¶ 12} Appellant's assignment of error goes to the issue of whether appellee's mortgage was a valid first lien on the premises. As it did during the trial court proceedings, appellant argues that the Godwins could not have conveyed a valid mortgage interest in the premises because they did not own the lots at the time they gave the mortgage. In support of that argument, appellant cites to the October 5th execution of the mortgage and the October 31st recording of the deed. Appellant concludes that the mortgagors could not convey a valid mortgage interest in property they did not own and that the trial court consequently erred in finding appellee's mortgage interest to be a valid and subsisting lien with priority over its own lien for unpaid membership dues. We disagree.
 {¶ 13} The flaw in appellant's argument is that it misinterprets when deeds and mortgages take operative effect. Contrary to the assertions in its brief, deeds do not transfer title when they are recorded. In re Estate of Ault (1992), 80 Ohio App.3d 399, 403,609 N.E.2d 568; Option One Mortgage Corp. v. Boyd (Jun. 15, 2001), Montgomery App. No. 18715. Deeds pass title to real estate upon execution, delivery and acceptance by the grantee. See Wayne Bldg. Loan Co. v. Yarborough (1967), 11 Ohio St.2d 195, 212, 228 N.E.2d 833;Kniebbe v. Wade (1954), 161 Ohio St. 294, 297, 118 N.E.2d 841; Baldwinv. Bank of Massilon (1853), 1 Ohio St. 141, 148. Similarly, mortgages take effect upon their delivery to the mortgagee. Sidle v. Maxwell
(1854), 4 Ohio St. 236, 240; Kemp v. Walker (1847), 16 Ohio 119,120-121; Hood v. Brown (1826), 2 Ohio 266, 269.[7]
 {¶ 14} Neither side introduced any evidence as to when the deed was delivered to the Godwins or when the Godwins delivered their mortgage to the mortgagee. However, this was not fatal. Delivery of a deed to the recorder for recording is prima facie evidence of delivery to the grantee. Gatts v. GMBH (1983), 14 Ohio App.3d 243, 246, 470 N.E.2d 425;Davis v. Difilippo (Mar. 27, 1996), Wayne App. No. 95CA46; also see 35 Ohio Jurisprudence 3d (2002) 287-288, Deeds, § 66. The same rule also applies to mortgages. The requirement of delivery necessary to give effect to a mortgage can be presumed from the recording of the mortgage. SeeGatts, supra at 246; Dowler v. Stutler (Jun. 21, 1991), Washington App. No. 89CA39 (Stephenson, J. Concurring); also see 69 Ohio Jurisprudence 3d (1986), 157-158, Mortgages and Deeds of Trust, §§ 113-114. With this in mind, we turn to the deed and mortgage which appellant introduced as evidentiary materials in support of its motion for summary judgment.
 {¶ 15} The warranty deed that conveyed the property from Robert Parrish to the Godwins was marked received by the Hocking County Recorder on October 31, 1995 at 1:34 P.M. The mortgage from the Godwins to their mortgagee was marked received by the Recorder that same day but at 1:35 P.M. — one minute later. Thus, at the time the mortgage was delivered to the recorder and became effective, the Godwins had title to the premises. The trial court was thus correct in finding that this was a valid lien upon the premises.
 {¶ 16} The court was also correct in finding that the mortgage was superior to appellant's lien for unpaid membership dues. The deed restrictions granting appellant a lien for those dues states, inter alia, as follows:
 {¶ 17} "8. * * * Said membership shall also be conditioned upon payment of such assessments as the Club shall find necessary for maintenance of lanes and any other services which benefit the lots and club facilities, which assessments shall be equitably pro-rated according to the benefit to each lot and to each lot owner. Said assessment shallconstitute a lien against said lot until paid, second only to the lien oftaxes and any duly recorded mortgage. * * *" (Emphasis added.)
 {¶ 18} The mortgage from the Godwins was duly recorded and, thus, was superior to appellant's lien for the membership dues. Again, the trial court correctly ruled that appellee had the first and best lien in the property.
 {¶ 19} For these reasons, we conclude that appellant's assignment of error is without merit and is hereby overruled. The judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only with Opinion.
Evans, J.: Concurs in Judgment Opinion.
[1] It is unclear from the record why the Godwins transferred the lot to Hide-A-Way Hills.
[2] Due to the Godwins' discharge in bankruptcy, appellee did not seek to hold them liable for a deficiency judgment after foreclosure and sale of the property.
[3] Those parties included the Hocking County Treasurer (for property taxes), Bank One, N.A. (by virtue of a judgment lien) and any unknown occupants of the premises.
[4] Appellant did not admit or deny, in its answer that it owned that lot.
[5] Because of the Godwins' discharge in bankruptcy, the trial court ordered that they would incur no personal liability on the judgment.
[6] The foreclosure decree further provided for the claims of the Hocking County Treasurer (for taxes) and Bank One, N.A. (on its judgment lien). The "unknown occupants" of the premises were previously dismissed as party defendants and, thus, the judgment resolved all pending claims thereby alleviating any necessity of compliance with Civ.R. 54(B). Although the judgment contemplates further action with respect to the proceeds of the sheriff's sale (i.e. the filing of a confirmation entry), we nevertheless note that it is the judgment and order of sale which is the final appealable order in a foreclosure action. See Third NationalBank of Circleville v. Speakman (1985), 18 Ohio St.3d 119, 120,480 N.E.2d 411; Oberlin Savings Bank Co. V. Fairchild (1963),175 Ohio St. 311, 312, 194 N.E.2d 580; Queen City Savings Loan Co.v. Foley (1960), 170 Ohio St. 383, 165 N.E.2d 633, at paragraph one of the syllabus. Thus, we have jurisdiction to review this case.
[7] Mortgages take effect upon delivery to the mortgagee only as between parties to the instrument. Sidle v. Maxwell (1854), 4 Ohio St. 236,241. With respect to third parties, mortgages take effect on delivery to the recorder for recording. R.C. 5301.23 (A); also see Bercaw v.Cockerill (1870), 20 Ohio St. 163, 165-166; Tousley v. Tousley (1855),5 Ohio St. 78 at the second paragraph of the syllabus; Magee v. Beatty
(1838), 8 Ohio 396, 398. However, because appellant's argument is based on whether or not the Godwins had any interest in the property to mortgage at the time they gave the instrument, we do not rely on this rule for our decision.