OPINION
{¶ 1} William D. Boyles, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court granted summary judgment to the State of Ohio, Crime Victims Reparation Fund ("the state"), plaintiff-appellee. The state has also filed a motion to strike the brief of appellant and dismiss the appeal.
 {¶ 2} On April 15, 2002, Sara Ridder, appellant's estranged girlfriend, was found dead in her home. Appellant's friend, Michael Neely was found guilty in the murder of Ridder. SeeState v. Neely, 161 Ohio App.3d 99, 2005-Ohio-2342. Neely claimed he shot a bullet through Ridder's door meaning only to scare Ridder in order to help appellant, who was due in court on domestic violence charges relating to an earlier incident with Ridder. Id., at ¶ 7-8, 16. On January 6, 2003, appellant pled guilty to involuntary manslaughter with specification and two counts of having weapons while under disability for his involvement with Ridder's murder.
 {¶ 3} On September 3, 2004, the state granted to four individuals an award from the Crime Victims Reparation Fund ("the fund") based upon Ridder's death. On October 20, 2005, the state filed a complaint against appellant, seeking to obtain repayment from appellant of the monies it paid from the fund as a result of Ridder's death. On February 2, 2006, the state filed a motion for summary judgment. On March 1, 2006, the trial court granted summary judgment to the state. After the trial court granted summary judgment, on March 2, 2006, appellant filed a response to the state's motion for summary judgment. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
IT WAS PREJUDICIAL ERROR TO GRANT PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS NO GENUINE ISSUE OF MATERIAL FACT EXISTED.
 {¶ 4} Initially, we must address the state's motion to strike appellant's brief and dismiss the appeal. The state first argues that this court should strike appellant's merit brief and dismiss the case because we ordered appellant to file his brief no later than July 8, 2006, but he did not file his brief until July 27, 2006, together with a motion to file instanter. However, on August 3, 2006, we granted appellant's motion for leave to file his brief instanter. Thus, this argument must be rejected. The state also argues in its motion to dismiss that we should dismiss appellant's appeal because appellant's brief relies solely on arguments that were not before the trial court at the time of the court's decision, and appellate review is limited to the record at the time a trial court renders its judgment. Although the state's arguments may be well-founded, we find it better to review these claimed deficiencies in addressing the merits of appellant's assignment of error and not upon a preliminary dismissal of appellant's appeal. Therefore, we deny the state's motion.
 {¶ 5} In his sole assignment of error, appellant argues that the trial court erred in granting summary judgment to the state. When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408. Civ.R. 56(C) provides that, before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. State ex rel.Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 6} R.C. 2743.72 concerns the state's right to repayment, reimbursement, and subrogation related to awards made from the fund and provides, in pertinent part:
(A) The payment of an award of reparations from the reparations fund established by section 2743.191 * * * of the Revised Code creates a right of reimbursement, repayment, and subrogation in favor of the reparations fund from an individual who is convicted of the offense that is the basis of the award of reparations. For purposes of establishing an individual's liability under this provision, a certified judgment of the individual's conviction together with the related indictment is admissible as evidence to prove the individual's liability.
* * *
(G) The subrogation right of the reparations fund is enforceable through the filing of an action in the Franklin county court of common pleas within six years of the date of the last payment of any part of an award of reparations from the fund. The time of an offender's imprisonment shall not be computed as any part of this period of limitation. This subrogation right may be established and enforced in the Franklin county court of common pleas as against the heirs and assigns of a subrogation debtor.
* * *
(J) If there is more than one offender in connection with an instance of criminally injurious conduct, each offender is jointly and severally liable to pay to the reparations fund the full amount of the reparations award.
* * *
(M) The reparations fund, through the attorney general, may institute and pursue legal proceedings against an offender, third party, or overpaid claimant. In actions against an offender or third party, the claimant and victim are not necessary parties to the action.
 {¶ 7} In the present case, appellant argues that the trial court erred when it granted summary judgment. He claims he cannot be liable to the state because he did not kill Ridder, and the state is already collecting repayments from Neely for the same award and cannot "double collect." We disagree. As indicated above, R.C. 2743.72(A) creates a right of reimbursement, repayment, and subrogation in favor of the fund from an individual who is convicted of the offense that is the basis of the award of reparations. Further, subsection (J) provides that, if there is more than one offender in connection with an instance of criminally injurious conduct, each offender is jointly and severally liable to pay to the reparations fund the full amount of the reparations award.
 {¶ 8} Here, appellant was found guilty of involuntary manslaughter in connection with Ridder's murder, and the state awarded reparations to four individuals based upon Ridder's death. Whether appellant was the individual who pulled the trigger, his conviction for involuntary manslaughter constituted his being an "offender in connection with an instance of criminally injurious conduct," pursuant to R.C. 2743.72(J), as well as "an individual who is convicted of the offense that is the basis of the award of reparations," pursuant to R.C.2743.72(A). Therefore, under R.C. 2743.72(J), he is subject to joint and several liability with any other offenders connected with the murder of Ridder. It is well-established that where two or more persons are under a common burden or liability, such as a joint and several obligation, a creditor may enforce the obligation against either or both of the parties. Pietro v.Leonetti (1971), 26 Ohio App.2d 221, 224. Thus, the state may collect from appellant either all or a portion of the total $50,000 awarded from the fund. Appellant has presented no authority to support a contrary reading of R.C. 2743.72, and he failed to file a timely memorandum contra for the trial court to consider. For these reasons, the trial court properly determined there remained no genuine issue as to any material fact to be litigated, and we find reasonable minds could only conclude that appellant is jointly and severally responsible to the state for the amount awarded from the fund. Therefore, appellant's sole assignment of error is overruled.
 {¶ 9} Accordingly, appellant's assignment of error is overruled, the state's motion to strike appellant's brief and dismiss the appeal is denied, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion denied; judgment affirmed.
Petree and French, JJ., concur.